## BRANDHUBER v. CITY OF PIERRE.

Comp. Laws 1887, § 974, relating to street improvements, provided that the entire cost of the improvement should be divided by the number of feet fronting or abutting on the same; the quotient to be the sum assessed per front foot. The provisions substituted by Laws 1890, p. 94, c. 37, art. 16, § 16 (Rev. Pol. Code, § 1204), omitted "entire" and inserted, "fronting on the property to be assessed" after "improvement." **Held**, that even under the new law the entire cost of improvements including street and alley intersections should be included in determining the assessment per front foot.

(Opinion filed, October 18, 1907.)

Appeal from Circuit Court, Hughes County. Hon. LYMAN T. BOUCHER, Judge.

Action by Christina Brandhuber against the city of Pierre. From an order overruling a demurrer to the complaint, defendant appeals. Reversed.

*H. R. Horner* and *Gaffy & Stephens,* for appellant. *Tom Crane McNamee,* for respondent.

HANEY, J. The only question to be considered on this appeal is the proper interpretation of the statute prescribing the method of apportionment to be pursued by the defendant city in making special assessments for the cost of grading its streets. Both parties concede that the amount to be assessed should be apportioned according to frontage and assessed against all the property abutting or bounding on the street or portion of the street improved; the only controversy being whether such amount may include the cost of grading street and alley intersections.

After prescribing the procedure to be pursued when the city council deemed it necessary to grade any street for which a special assessment was to be levied, the statute provided for apportioning the cost of such grading in the following language: "Whenever any work or improvement mentioned in the preceding section shall have been determined upon and the contract let therefor, the city engineer shall forthwith calculate the amount to be assessed for such improvement for each lot or parcel of ground abutting or bounding upon such improvement. And in estimating the assessment he shall take the entire cost of such improvement and divide the same by the number of feet fronting or abutting

upon the same, and the quotient shall be the sum to be assessed per front foot so bounding or abutting." Comp. Laws, 1887, § 974. In a general revision of the law relating to cities passed in 1890, the language just quoted was amended to read as follows: "Whenever any work or improvement mentioned in the preceding section, shall have been determined upon, and the contract let therefor, the city engineer shall forthwith calculate the amount to be assessed for such improvement for each lot or parcel of ground abutting or abounding upon such improvement, and in estimating the assessment he shall take the cost of such improvement fronting on the property to be assessed, and divide the same by the number of feet fronting or abutting upon the same, and the quotient shall be the sum to be assessed per front foot so abutting." Rev. Pol. Code, § 1304; Laws 1890, p. 94, c. 37, art. 16, § 16.

Observing that the word "entire" was stricken out, and the words "fronting on the property to be assessed" were inserted, plaintiff contends that the manifest purpose of the amendments was to exclude the cost of street intersections from the amount to be apportioned; while defendant contends that the purpose was to limit the assessment to property fronting on the portion of the street which is improved. It is not clear that either contention is tenable. It would be fair to assume that, if attention was directed to the subject of street intersections, such intersections would have been either expressly included or expressly excluded from the amount to be apportioned by the use of apt and appropriate language. There is nothing to indicate that the statute as enacted, or as amended, was formulated with any special reference to street intersections. And if the sole purpose of the amendments was to restrict the assessment to property fronting on the portion of the street which is improved, such amendments were unnecessary, as the assessment was so restricted by the original act. So far as applicable to the present controversy, the rule as formerly expressed might be stated thus: In estimating the amount to be assessed for each lot abutting upon the improvement, the engineer shall divide the entire cost of the improvement by the number of feet abutting upon the improvement, and the quotient shall be the sum to be assessed per front foot so abutting. As amended it may

be stated thus: In estimating the amount to be assessed for each lot abutting upon the improvement, the engineer shall divide the cost of the improvement fronting on the property to be assessed by the number of feet abutting upon the improvement, and the quotient shall be the sum to be assessed per front foot so abutting. For the purposes of this case, "the improvement" is the portion of the street which is graded, "the property to be assessed" is all the lots abutting upon the portion of the street which is graded, and the only controversy is as to what constitutes the amount to be divided according to frontage on the portion of the street which is graded. Under the statute as originally enacted, such amount was the entire cost of the improvement. Under the statute as amended, it is the cost of "the improvement fronting on the property to be assessed." Remembering that "the property to be assessed is all the property abutting or fronting, which is the same thing, on the portion of the street which is graded, it is clear that no substantial change in the meaning of the rule was affected by the change in its phraseology, and it is fair to assume that the only purpose of the amendments was to make more definite and certain what property is to be assessed, namely, that fronting or abutting on the portion of the street which is graded. So we conclude that all the property abutting on the portion of the street which is graded may be assessed for the cost of grading such portion, which of course, includes the street and alley intersections contained therein.

It follows that the defendant city was not, as shown by the complaint, exceeding its authority, and the demurrer should have been sustained.

The order appealed from is reversed.