## STATE ex rel. BOWEN v. BOARD OF COM'RS OF CITY OF SIOUX FALLS.

Under Code Civ. Proc. § 754, authorizing certiorari where inferior boards or tribunals have exceeded their jurisdiction, certiorari is a proper remedy to review the past acts of a city board of commissioners, after the grading of a street has been fully completed, without objection from a property owner, where the resolution authorizing the special assessment expressly advised property owners that street intersections would be paid for out of the general fund, and it is fair to infer that such owner had not knowledge that the cost of such intersections was included in the special assessment that would require him to act until the filing and approval of the engineer's estimate and he then acted promptly.

Where a street improvement resolution expressly recited that the cost of street intersections would not be included in the special assessment, and the cost of intersections was not included in the resolution as a part of the proposed assessment, the inclusion of the cost of such intersection was wholly without the improvement proposed to be made, and the city commission and engineer had no jurisdiction to include the cost of such intersections pro rata against abutting property, and their doing so rendered the assessment void.

Under the Constitution and statutes a city has the power and

right, if it so desire, to pay for the improvement of a street at intersections with other streets out of the general fund.

(Opinion filed, Feb. 9, 1910.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Certiorari by the State, on relation of George W. Bowen, against the Board of Commissioners of the City of Sioux Falls. Judgement for relator, and the Board appeals. Affirmed.

*Keith & Keith* and *D. J. Conway,* for appellant. *Bailey & Voorhees,* for respondent.

McCOY, J. This is a proceeding in certiorari instituted by George W. Bowen, against the Board of Commissioners of the City of Sioux Falls, involving the validity of certain special assessments for grading an avenue in said city. Judgment was rendered and entered holding said special assessment to be irregular, and contained an order annulling and canceling the same.

It is first contended by appellant that certiorari is not a proper remedy to review the past acts of said commissioners, after the work of such grading had been fully completed, without objection or protest from interested property owners, and to have vacated the levying of such special assessment. Motion to quash said writ was made and overruled in the circuit court, which ruling was excepted to, and defendant now urges the same as error. In this contention we are of the opinion that the appellant is in error. It will be observed in this connection that the resolution authorizing said special assessment expressly advised property owners that street intersections would not be included in said special assessment against abutting property, but would be paid for out of the general fund. It is fair to infer that respondent, as one of such property owners, had no knowledge that the cost of such street intersections was included in the special assessment againt abutting property that would require him to act until the filing and approval of the engineer's estimates. The record shows that respondent acted timely upon the filing and approval of the engineer's estimate. The function of certiorari seems to be to correct the proceedings where inferior boards and tribunals act without their jurisdiction. Section 754, Code Civ. Proc.; 6 Cyc.

737; State v. Stakke, 117 N. W. 129; State v. Commissioners, 1 S. D. 292, 46 N. W. 1127, 10 L. R. A. 588.

The city council passed the following resolution: "That it is necessary to grade and otherwise improve Dakota avenue from Third to Seventh streets, north, in the city of Sioux Falls, South Dakota. That the cost of grading the intersections of streets and alleys with said Dakota avenue be paid by the city out of the general fund. That the cost and expenses of grading said Dakota avenue fronting on the lots and parcels of ground and abutting or bounding upon the same be levied by the special assessment upon said lots or parcels of ground abutting upon the same in proportion to the number of front feet so abutting." It appears from the record that afterwards a grading contract was entered into, and the city engineer calculated the amount to be assessed for such grading against each lot or parcel of ground fronting on said improvement, and that by the terms of said contract and the calculations and estimates so made by the said engineer the cost and expense of grading the said intersections was included pro rata against each lot or parcel of ground fronting on said improvement, instead of being paid from the general fund as specified, in said resolution. The contract and the city engineer's estimates as thus made up were approved by the city board June 22, 1909, and certificates of assessment in accordance with such engineer's estimates were ordered to be issued. It is contended by respondent that by reason of the including of the cost of said street intersections in said special assessment against the said lots fronting on said improvement that the City Board of Commissioners exceeded their jurisdiction and authority under the said resolution, and that by reason thereof the said contract and engineer's estimates and certificates of assessment were void and should be canceled. On the trial of said cause the court made findings and rendered judgment as follows: "Ordered, that the action of the Board of Commissioners of the said city of Sioux Falls, taken upon the 22d day of June, 1909, approving the estimate of the city engineer for the grading of said Dakota avenue, and ordering the auditor of said city of Sioux Falls to made an assessment roll in accordance with the provisions of

section 1305 of the Political Code of the state of South Dakota, and to file the same with the city treasurer for collection, and all proceedings had or taken by the Board of Commissioners of the city of Sioux Falls for the levying of a special assessment for the cost of said grading upon the property abutting upon the said Dakota avenue from Third street to Seventh street, north, be and the same are hereby vacated and in all things annulled."

The appellant assigns the rendering of said judgment as error. We are of the opinion that respondent is right in this contention. This court held in Whittaker v. Deadwood, 122 N. W. 593, that while section 1303, Pol. Code, does not prescribe what the form or substance of the resolution passed by a city council shall be, yet it seems to be generally held, in the absence of statutory requirement, that the resolution must reasonably inform the property owner that he is to be assessed, and must describe generally the nature and extent of the improvement, and such resolution may refer to plans and specifications on file, to the end that the property owner may determine for himself what the probable expense may be in order that he may determine whether or not to enter protest. The process and effect of exercising the special assessment power is of such a nature that the provisions of the statute relating thereto must be strictly construed. By the resolution in question the property owners abutting on said avenue were expressly advised and notified that the cost of street intersections would not be included in the said special assessment, and neither was the cost or expense of such street intersections included in said resolution as a part of said proposed special assessment to be made against the property fronting on said improvement, and therefore the including of the said cost and expense of such street intersections was wholly without and beyond the extent of the improvement proposed to be made by such resolution, and the city commission and the city engineer had no authority or jurisdiction to include the cost and expense of such street intersections pro rata against the abutting property. It will be observed that the case of Brandhuber v. Pierre, 21 S. D. 447, 113 N. W. 569, does not go to the extent of holding that street intersections must be included in the special assessment against abut-

ting property, but only holds that the cost of street intersections may be included. The only question decided in that case was that the special asssessssment was not void because the street intersections were included in the special assessment. There 'can be no doubt but what, under the Constitution and existing statutes, city councils have the power and authority, if they so desire, to pay for street intersections out of the general fund.

Finding no error in the record, the judgment of the circuit court is affirmed.