### The Gulf, Colorado & Santa Fe Railway Company
### v. W. H. Ellis, by next friend.
#### No. 44.

**Attorney Fees in Suits Against Railway Corporations.**

Chapter 107, Acts of Twenty-first Legislature, page 131, approved April 5, 1889, entitled "An act to regulate the presentation and collection of claims for personal services or labor, or for damages for overcharge on freight, against railway corporations doing business in this State, in cases where the amount claimed does not exceed $50, and to fix the measure of damages recoverable in certain of such cases," is constitutional; it is neither in conflict with the State nor Federal Constitution. The act provides for an attorney fee not to exceed $10 in each case, when the entire amount claimed is established by judgment .... 22

ERROR to Court of Civil Appeals for Third District, in an appeal from Lampasas County.

In the petition for writ of error, jurisdiction of the Supreme Court was claimed " by virtue of article 1011 of the Revised Statutes of Texas, as amended by an act approved April 13, 1892, and section 5 of an act approved April 13, 1892, entitled, an act to organize the Courts of Civil Appeals, etc., both of said acts being acts of the Legislature, being chapters 14 and 15, General Laws of the first called session of 1892." The litigation involved the validity of the statute of April 5, 1889, allowing recovery of an attorney fee in certain cases.

*J. W. Terry*, for plaintiff in error, cited: Railway v. Batie, 6 Neb., 37; Dibbrell v. Morris' Heirs, 15 S. W. Rep., 87; Vanzant v. Waddel, 2 Yerg., 270, 271; Wally v. Kennedy, 2 Yerg., 555; Bank v. Cooper, 2 Yerg., 599, 605; Jones v. Perry, 10 Yerg., 71, 72; Sheppard v. Johnson, 2 Humph., 295; Budd v. The State, 3 Humph., 491; The State v. Burnett, 6 Heisk., 189; McKinney v. Hotel Co., 12 Heisk., 104; Mayor v. Dearmon, 2 Sneed, 122; The State v. Rauscher, 1 Lea, 97; Davis v. The State, 3 Lea, 378; Maney v. The State, 6 Lea, 221; Hatcher v. The State, 12 Lea, 370, 371; Woodard v. O'Brien, 14 Lea, 522, 523; Cool. on Const. Lim., 390; Demonville v. Davidson County, 87 Tenn., 218; Morgan v. Reed, 2 Head, 275; Memphis v. Fisher, 9 Baxt., 239; Daily v. The State, 13 Lea, 232; Buckholtz v. The State, 16 Lea, 72; Neely v. The State, 4 Lea, 316; Green v. The State, 15 Lea, 708; Ragis v. The State, 86 Tenn., 272; Frarer v. The People, 31 N. E. Rep., 295; The State v. Scougal, 58 N. W. Rep., 295; Railway v. Wilson, 19 S. W. Rep., 911; Railway v. Warrington, 92 Ill., 157; Barbier v. Connolly, 113 U. S., 27; Railway v. Beckwith, 129 U. S., 26; Railway v. Humes, 115 U. S., 512; Humes v. Railway, 82 Mo., 224; Wilder v. Railway, 65 Me., 338; Railway v. Riblet, 66 Pa. St., 166; Spealman v. Railway, 71 Mo., 134; Railway v. Duggan, 109 Ill., 537; Welch v. Railway, 53 Iowa, 632; Jones v. Railway, 16 Iowa, 6; Railway v. Crider, 19 S. W. Rep., 618; Railway v. Mackey, 127 U. S., 205; Budd v. New York, 143 U. S., 517; Railway v. Harry, 63 Texas, 256; Railway v. Dwyer, 75 Texas, 580; Railway v. The State, 61 Texas, 343; Crowin v. Ward, 35 Cal., 190; Rodemacher v. Railway, 41 Iowa. 300; Shaffert v. Mining Co., 55 Md., 74; Railway v. Ellis, 70 Texas, 307; Railway v. Rowland, 70 Texas, 298; In re Oberg, 28 Pac. Rep.; 130; The State v. Loomis, 20 S. W. Rep., 332; Lewis v. Webb, 2 Me., 320; Baggs' Appeal, 43 Pa. St., 512; Cottrell v. Railway, 21 Pac. Rep., 416; Bielenberg v. Railway, 20 Pac. Rep., 314; Baldwin v. Franks, 120 U. S., 678; United States v. Reese, 92 U. S., 214; Trade Mark Cases, 100 U. S., 82; Virginia Bond Cases, 104 U. S., 269, 305.

No brief for defendant in error reached the Reporter.

BROWN, ASSOCIATE JUSTICE.—This is a suit instituted by the appellee, W. H. Ellis, by next friend, H. W. Ellis, against the appellant, in the Justice Court of precinct number 1, Lampasas County, Texas, wherein by an amended account, filed October 5, 1890, the plaintiff charges, in substance, that on or about the 12th day of August, 1890, the appellant, by its engines and cars, killed a certain colt, the property of the appellee, of the value of $50.   He further charges, that he presented his claim, verified by affidavit, to the defendant's station master nearest the place where the colt was killed, according to the provisions of the Act of 1889, and that the amount was not paid at the expiration of thirty days after the presentation of the claim; wherefore plaintiff claims $10 additional as attorney fees, as provided by said act of the Legislature.

The appellant filed an answer, by which it in substance admitted the allegations in plaintiff's account, but denied that it was liable for attorney fees, and moved the court to strike out plaintiff's claim for the same. There was a judgment in the Justice Court for the sum of $50, with interest and attorney fees, from which appellant prosecuted an appeal to the District Court of Lampasas County.   At the November Term of the District Court the same judgment was rendered in favor of the appellee, from which judgment the appellant prosecuted the appeal to this court.

The defendant in open court excepted to so much of the judgment as allowed $10 attorney fees, and in open court gave notice of appeal to the Supreme Court of the State of Texas.

The judgment of the District Court was affirmed by the Court of Civil Appeals, from which this writ of error is prosecuted.

Plaintiff in error presents to this court the single question of the validity of the following act of the Legislature, approved April 5, 1889:

"An act to regulate the presentation and collection of claims for personal services or labor, or for damages, or for overcharge on freight, against railway corporations doing business in this State, in cases where the amount claimed does not exceed $50, and to fix the measure of damages recoverable in certain of such cases.

"Section 1.   Be it enacted by the Legislature of the State of Texas: That after the time that this act shall take effect, any person in this State having a valid bona fide claim for personal services rendered or labor done, or for damages, or for overcharges on freight, or claims for stock killed or injured by the train of any railway company, provided that such claim for stock killed or injured shall be presented to the agent of the company nearest to the point where such stock was killed or injured, against any railway corporation operating a railway in this State, and the amount of such claim does not exceed $50, may present the same, verified by his affidavit, for payment to such corporation, by filing it with any station agent of such corporation in any county where suit may be instituted for the same; and if at the expiration of thirty days after

such presentation such claim has not been paid or satisfied, he may immediately institute suit thereon in the proper court; and if he shall finally establish his claim and obtain judgment for the full amount thereof, as presented for payment to such corporation, in such court, or any court to which suit may have been appealed, he shall be entitled to recover the amount of such claim and all costs of suit, and in addition thereto all reasonable attorney fees, provided he has an attorney employed in his case, not to exceed $10, to be assessed and awarded by the court or jury trying the issue."

This act is assailed as being in violation of the first section of the Fourteenth Amendment to the Constitution of the United States, because it denies to the railway companies the equal protection of the laws, and because it is in conflict with article 1, sections 2, 3, 13, and 19, and article 3, section 56, of our State Constitution. Except that which is predicated upon section 2, article 1, of our State Constitution, all the objections were presented in the case of Union Central Life Insurance Company v. Chowning, decided by this court to-day [86 Texas, 654], and the propositions were all decided against the contention of plaintiff in error. In enacting this law the Legislature exercised the political power which by section 2, article 1, is declared to inhere in the people, and the law in no manner infringes the pledge to preserve a republican form of government.

Plaintiff in error cites Vanzant v. Waddel, 2 Yerger, 260, as authority against the validity of this law, and also Janes v. Reynolds, 2 Texas, 250, approving the former. As qualified by the last named case, the doctrine announced in the former is unobjectionable, and sustains this act as being a general law affecting alike all persons of that class in like conditions.

Wilder v. Railway, 70 Michigan, 382, and Durkee v. Janesville, 28 Wisconsin, 464, rest upon a rule of construction which this court refused to follow in Insurance Company v. Chowning. The cases of Railway v. Morris, 65 Alabama, 199, and Railway v. Moss & Co., 60 Mississippi, 646, cited, are based upon a construction of the Constitutions of those States, the provisions of which are in the main the same as our own; but we believe that the construction given is not consistent with the well settled rules established by our own court, sustained by the best authorities.

Dow v. Beidleman, 49 Arkansas, 455, and Railway v. Dey, 45 American and English Railway Cases, sustain statutes which allow the recovery of attorney fees in suits for damage on account of overcharges in freight rates by railroad companies; and Wortman v. Kleinschmidt, 30 Pacific Reporter, 280, upholds a statute which gave attorney fees in suits to foreclose liens in certain classes of claims.

Statutes permitting the recovery of attorney fees in suits for the value of stock killed by railroad companies have been held by the courts of many of the States to be valid. Railway v. Duggan, 109 Ill., 537; Perkins v. Railway, 15 S. W. Rep., 320.

It is true that in some of the cases, and we believe the greater number of them, the courts have sought to justify the exercise of this power as being a penalty to enforce the statutory duty to fence the tracks of railroads. Counsel for plaintiff in error seems to admit that upon this ground the statute might be sustained, but we can not see that it is necessary to assign any particular reason for the exercise of constitutional power by a legislative body.

The act in question in this case embraces different classes of claims; it provides for attorney fees in each of them upon the same conditions, without reference to the origin of the right; some must arise out of contract, while others are for damages for torts committed. In each case the claimant must make affidavit to the amount of the claim and present it to the railroad company, allowing thirty days for investigation; attorney fees are not allowed except when suit is made necessary by refusal to pay, and then only in cases where an attorney is actually employed and the full amount claimed is recovered. It is clear that the attorney fees are given to reimburse the plaintiff in the suit for the costs necessarily incurred in prosecuting the claim. If the claim is unjust to the full amount or in part, it is to be presumed that the court will not give judgment for plaintiff, and no attorney fee can be recovered; if just, it can be paid, and no such liability will be incurred by the railroad company.

There is no error in the judgment of the District Court, nor in that of the Court of Civil Appeals, and the judgments of both courts are affirmed.

*Affirmed.*

Delivered May 10, 1894.