FRANKENSTEIN v. RUSHMORE & GOWDY.  (No. 6268.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 3, 1919. Rehearing Denied Jan. 14, 1920.)

1. MUNICIPAL CORPORATIONS ☞518(1)—ALLOWANCE OF INTEREST IN JUDGMENT ON STREET PAVING CERTIFICATE EXCESSIVE.

In judgment upon a street paving certificate a provision that the aggregate sum of principal and interest should bear interest from its date at the rate of 8 per cent. per annum and the attorney's fees at 6 per cent. per annum was erroneous so far as providing that interest should bear interest at 8 per cent., and not 6 per cent.; the certificate not providing that past due interest should bear interest at 8 per cent.

2. CONSTITUTIONAL LAW ☞63(2)—STREET IMPROVEMENT STATUTE NOT DELEGATION OF LEGISLATIVE POWER.

Acts 31st Leg. 2d Called Sess. 1909, c. 14, now Rev. St. arts. 1006–1017, is valid as against the objection that article 1016 provides for delegation of legislative power to the people of the several cities of the state.

3. MUNICIPAL CORPORATIONS ☞46 — ENABLING ACT DOES NOT REQUIRE PREVIOUSLY GRANTED POWERS TO BE WRITTEN INTO CHARTER AMENDMENTS.

Under the Enabling Act of 1913 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1096a to 1096i), providing that all municipal powers previously granted are preserved and granted to cities under the act "when embraced in and made a part of the charter adopted by such city," the powers so preserved are not lost if an election be held under the act to amend an old charter, and such powers are not expressly written into the amendment, as such powers need not be embraced in an amendment, as distinguished from a new charter.

4. MUNICIPAL CORPORATIONS ☞48(1)—CHARTER ELECTION COMPLETE WITHOUT CANVASS OF VOTES, SO FAR AS VESTING RIGHTS.

That the result of an election whereby a city adopted the provisions of Acts 31st Leg. 2d Called Sess. 1909, c. 14, now Rev. St. arts. 1006–1017, was not canvassed until after the effective date of Acts 33d Leg. 1913, c. 147 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1096a to 1096i), putting into effect the 1912 constitutional amendment relating to the adoption and amendment of charters by cities, did not invalidate the election, as the election was complete without the canvass of the votes, and the powers given by the 1909 act were vested in the city by virtue of the election.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Action by Rushmore & Gowdy against L. Frankenstein and another. From an adverse judgment, the named defendant appeals. Reformed and affirmed.

Lewright & Douglas, of San Antonio, for appellant.

Boyle, Ezell & Grover and Robert G. Harris, all of San Antonio, for appellees.

MOURSUND, J. Rushmore & Gowdy sued L. Frankenstein and F. A. Houck upon a street paving certificate issued by the city of San Antonio; the same being based upon a street paving assessment levied by such city under the provisions of chapter 11 of title 22 of the Revised Statutes of 1911. Houck disclaimed, and Frankenstein in his answer attacked the validity of the statute upon which the assessment was based, and also the validity of the procedure ordinance on which the assessment was based.

Judgment was rendered dismissing Houck and in favor of plaintiffs for the principal, interest, and attorney's fees stipulated in the certificate, and for foreclosure of paving lien on the property described in the certificate.

[1] The judgment provides that the aggregate sum of principal and interest shall bear interest from its date at the rate of 8 per cent. per annum, and the attorney's fee at the rate of 6 per cent. per annum. Appellant contends it was error to provide that the interest should bear interest at the rate of 8 per cent. A copy of the certificate is made part of the petition. It does not provide that past-due interest shall bear interest at 8 per cent., nor is it claimed in the petition that any such provision exists. This being the case, it appears to us that appellant's contention must be sustained. The suit is not upon a contract, and the same principle which renders it proper that the judgment for attorney's fees should bear interest only at the rate of 6 per cent. requires that the judgment for interest should also bear that rate of interest. The judgment will be reformed in this respect.

[2] The court held that Acts 2d Called Sess. 1909, c. 14, now chapter 11 of title 22 of the Revised Statutes, is valid, as against the objection that article 1016 provided for a delegation of legislative power to the people of the several cities of the state. This holding is sustained by the cases of Riley v. Trenton, 184 S. W. 344, City of San Antonio v. Spears, 206 S. W. 703, and Carwile v. Childress, 213 S. W. 308. Appellant contends that these decisions are not in harmony with certain decisions of the Supreme Court, and has submitted an analysis of each case relied on in the case of Riley v. Trenton for the purpose of showing that the statements of the Supreme Court are too broad in such cases, and go beyond the holdings, and therefore should not be accepted as authority in support of the validity of the act of 1909. At the same time appellant appears to recognize that the question of the acceptance or rejec-

tion of a charter may be left to the vote of a city.

We agree with Judge Hodges in his view that, if the Legislature may provide that the inhabitants of a municipality may vote on the adoption of a charter in the first instance, there seems to be no good reason why it may not provide a similar means for enlarging or extending the grant of powers thus made. The point has been well briefed and ably argued. Counsel for appellant have also furnished us with volume 12, American Law Register, New Series, published in 1873, containing an interesting article on delegation of legislative power. As is sometimes the case, we do not view the article in the same light as counsel. In fact, as we construe it, the reasoning with which the rule with respect to grants of charters is supported would apply just as forcefully to additional grants made after the original adoption of a charter. We see no reason for changing the views held by us when we decided the case of City of San Antonio v. Spears, and therefore overrule the second assignment of error.

[3] The election whereby the city of San Antonio adopted the provisions of the act of 1909, now known as chapter 11, tit. 22, Revised Statutes, was held on June 30, 1913, and the votes canvassed and result declared on July 7, 1913. On February 24, 1914, at an election duly held for that purpose, under the provisions of chapter 147, Acts of 1913 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1096a to 1096i), for the purpose of voting on amendments to the charter, section 90 of the charter, relating to control and power over streets, etc., was amended, and the following clause was made a part of such amended section:

"Provided, that nothing in any of these amendments contained shall in any manner affect the powers conferred upon said city of San Antonio by the adoption at an election heretofore held of chapter 11, title 22, of the Revised Statutes of Texas of 1911."

The court concluded that said clause was intended to and did embrace into and make a part of the charter of the city of San Antonio the powers conferred under the provisions of the act of 1909 relating to street improvements.

Section 94, adopted at the same election, also contained a proviso, ignored by the court in his conclusions, which reads as follows:

"Provided that the several powers hereby conferred shall be cumulative of those conferred upon the city by chapter 11, title 22, of the Revised Civil Statutes of Texas for 1911."

Whether or not said conclusion of the court is correct becomes a material inquiry if appellant is correct in his construction of a provision of said act of 1913, known as the Enabling Act, which provision reads as follows:

"All powers heretofore granted any city by general law or special charter are hereby preserved to each of said cities, respectively, and the power so conferred upon such cities, either by special or general law, is hereby granted to such cities when embraced in and made a part of the charter adopted by such city; and provided, that, until the charter of such city as the same now exists is amended and adopted, it shall be and remain in full force and effect."

The contention of appellant is that the powers preserved to cities in the first part of said provision are lost if an election be held, under the act of which it is a part, to adopt a new charter or amend the old one, unless such powers are written into the new charter or the amendment, as the case may be. Such a construction of the provision would mean that the city of San Antonio by amending its charter in the method authorized by the act limited its powers to such as are embraced in the amendment, thus losing all powers granted by "general law or special charter" except those covered by the amendment. We do not believe that such a construction would give effect to the intent of the Legislature as manifested in the act when all of its provisions are considered. It provides for amendments of existing charters and for the adoption of charters. Its provisions were designed to apply to cities of more than 5,000 inhabitants already incorporated and also cities of that population which might desire to incorporate. If the purpose had been to provide that, when an amendment is adopted, it will constitute the entire charter so far as powers to be exercised are concerned, it would doubtless have found more suitable language in which to express such a provision than that relied on by appellant. First there is an unequivocal provision to the effect that "all powers heretofore granted any city by general law or special charter are hereby preserved to each of such cities, respectively." Then follows the statement relied on by appellant. It is evident that the Legislature did not intend to provide that every city must adopt a new charter or lose its powers. It intended to preserve to every city such powers as it had until changed by amendment or a new charter. So much must be conceded.

It appears to us that, if the words "when embraced in and made a part of the charter adopted by said city" were intended as prescribing a method by which new corporations could enjoy such powers, and also as a restriction upon the continued exercise thereof by existing corporations, such restriction cannot be held applicable when a charter is amended unless the words "charter adopted" are given a different meaning from that given in the remaining portions of the act. The distinction between amending a charter and adopting one is so clearly expressed throughout the act that it should be inferred the Legislature used the words "charter adopted"

advisedly and with the same meaning as in the remainder of the act.

We conclude, therefore, that the court's conclusion, which is attacked, was unnecessary, and it is immaterial whether the language copied by the court was sufficient to embrace in the charter the powers conferred by the act of 1909. Such powers were possessed regardless of whether embraced in the amendments.

The third assignment is therefore overruled.

[4] The court's fourth conclusion of law reads as follows:

"I conclude that the fact that the result of the election of June 30, 1913, was not canvassed until July 7, 1913 (being after the Acts of 1913 [chapter 147 of the Thirty-Third Legislature, p. 307], putting into effect the constitutional amendment of 1912 relating to the adoption and amendment of charters by cities became operative), did not invalidate said election as being unauthorized on and after July 1, 1913 (the date on which said Acts of 1913 went into effect)."

This conclusion is correct. The election was complete without the canvass of the votes, and the powers given by the act of 1909 were vested in the city by virtue of the election. Dean v. State, 88 Tex. 290, 30 S. W. 1047, 31 S. W. 185.

The judgment will be reformed so as to conform to our holding upon the question of interest upon interest, and in all other respects will be affirmed.