KELLER v. WESTERN PAVING CO.
(No. 6342.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 11, 1920. Rehearing Denied March 10, 1920.)

1. CONSTITUTIONAL LAW ⬡65—STREET IMPROVEMENT STATUTE NOT UNCONSTITUTIONAL AS DELEGATING LEGISLATIVE POWER TO PEOPLE OF CITIES.

Rev. St. 1911, arts. 1006–1017, relating to street improvements, is not unconstitutional in that article 1016 provides for a delegation of legislative power to the people of the various cities of the state; the act being an amendment of existing charters which the inhabitants may accept or reject.

2. MUNICIPAL CORPORATIONS ⬡266 — CITY CHARTER AMENDMENTS HELD NOT TO DESTROY POWERS GRANTED UNDER GENERAL STATUTES ALTHOUGH NOT COPIED INTO AMENDMENT.

Where a legislative act, passed in 1913, authorizing amendments to city charters, provided that all powers theretofore granted any city by general law or special charter were preserved to each of the cities, and granted to such city, when embraced in and made a part of the charter adopted by the city, the powers granted under Rev. St. 1911, arts. 1006–1017, relating to public improvements, were not lost to a city adopting amendments under the Acts of 1913, c. 147 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1096f) by the provisions of such statute, notwithstanding that the powers granted by Rev. St. 1911, arts. 1006–1017, were not copied into the amendments adopted.

3. MUNICIPAL CORPORATIONS ⬡458—SHARE OF EXPENSE UPON OWNER NOT REDUCED BY DEDUCTIONS OF COST OF PAVING STREET BY TRACTION COMPANY.

In assessing a third of the costs of a paving improvement against a landholder, the fact that the city does not pay one-third of the costs, because by ordinance a traction company pays for part of the street, does not invalidate the assessment under the statute.

4. EVIDENCE ⬡32—JUDICIAL NOTICE OF CITY ORDINANCE NOT TAKEN.

Courts do not take judicial notice of city ordinances.

5. CONSTITUTIONAL LAW ⬡290(7)—MUNICIPAL CORPORATIONS ⬡527—ALLOWANCE OF ATTORNEY'S FEES ON FORECLOSURE OF PAVING LIEN NOT VIOLATION OF DUE PROCESS OF LAW.

Rev. St. 1911, arts. 1006–1017, relating to street improvements, is not unconstitutional as violating the due process clause of the state and federal Constitutions, merely because it authorizes the collection of attorney's fees for foreclosure of a paving lien.

Error from District Court, Bexar County; S. G. Tayloe, Judge.

Action by the Western Paving Company against Mrs. Emilie Keller. Judgment for plaintiff, motions for new trial and in arrest of judgment were overruled, and defendant brings error. Affirmed.

Bickett & Bickett, of San Antonio, for plaintiff in error.

O. M. Fitzhugh and L. Allen, both of San Antonio, for defendant in error.

MOURSUND, J. The Western Paving Company sued Mrs. Emilie Keller upon a street paving certificate issued by the city of San Antonio, the same being based upon a street paving assessment levied by such city under the provisions of chapter 11 of title 22 of the Revised Statutes of 1911.

An answer, consisting of a general demurrer and general denial, was filed.

Judgment was rendered for plaintiff for the principal, interest, and attorney's fee stipulated in the certificate, and for foreclosure of the paving lien on the property described in the certificate.

A motion for new trial was filed, and after it was overruled a motion in arrest of judgment was filed, which was also overruled. The defendant brought the case to this court by writ of error.

The attorneys who filed the answer failed to appear when the case was tried, and after judgment had been rendered the counsel now representing Mrs. Keller were employed.

[1] The first contention is that the Act of 1909 (Acts 31st Leg. 2d Called Sess. c. 14), now chapter 11 of title 22, Revised Statutes of 1911, is unconstitutional in that article

1016 provides for a delegation of legislative power to the people of the various cities of the state. There is no merit in the contention. Riley v. Trenton, 184 S. W. 344; City of San Antonio v. Spears, 206 S. W. 703; Carwile v. Childress, 213 S. W. 308; Frankenstein v. Rushmore & Gowdy, 217 S. W. 189, decided by this court, and not yet officially reported; Graham v. Roberts, 200 Mass. 152, 85 N. E. 1009; Chenango Bank v. Brown, 26 N. Y. 467; Corpus Juris, vol. 12, p. 869; R. C. L. vol. 19, p. 707.

We regard the act in question as an amendment of existing charters, which the inhabitants may accept or reject. It enlarges the grant of powers already made, and is obviously amendment of charters, and it can make no difference that it does not contain the statement that it is an amendment. The act is complete in itself. The Legislature, itself, determined what powers municipalities should have, and the inhabitants were only permitted to decide whether or not to avail themselves of such grant of powers, and thus accept an amendment of their charter drafted by the Legislature. The first assignment is overruled.

[2] The petition discloses that amendments were made to the charter of the city of San Antonio by virtue of the act passed by the Legislature in 1913 (Acts 33d Leg. c. 147 [Vernon's Sayles' Ann. Civ. St. 1914, art. 1096f]). That act contains the following provision:

"All powers heretofore granted any city by general law or special charter are hereby preserved to each of said cities, respectively, and the power so conferred upon such cities, either by special or general law, is hereby granted to such cities when embraced in and made a part of the charter adopted by such city; and provided, that, until the charter of such city as the same now exists is amended and adopted, it shall be and remain in full force and effect."

The charter of the city, which is a public act, contains the following provisions inserted at the time the amendments were made:

"Provided, that nothing in any of these amendments contained shall in any manner affect the powers conferred upon said city of San Antonio by the adoption at an election heretofore held of chapter 11, title 22, of the Revised Statutes of Texas of 1911."

"Provided that the several powers hereby conferred shall be cumulative of those conferred upon the city by chapter 11, title 22 of the Revised Civil Statutes of Texas for 1911."

The contention of appellant is that, as the powers granted in the act of 1909 were not copied into the amendments adopted under the act of 1913, they were lost under the provision of said act of 1913 above copied. We had occasion to pass on this question in the case of Frankenstein v. Rushmore & Gowdy, supra, and the construction placed by us upon the language of the above-quoted section of the act of 1913 made it unnecessary to decide whether the provisions relating to the act of 1909 contained in the amendments were sufficient to embrace such powers in the amendments. We construed the provision of the act of 1913 as making a clear distinction between the adoption of a charter and the amendment thereof, and held that if the language, "when embraced in and made a part of the charter adopted by said city," was intended to prescribe a restriction upon the continued exercise by existing corporations of powers possessed by them, as well as a method by which new municipal corporations could enjoy such powers, then that such restriction only applied when a charter was adopted, and not when one was merely amended. For a discussion of the matter, we refer to what we said in the opinion in the case of Frankenstein v. Rushmore & Gowdy. The second assignment is overruled.

The third assignment is based upon the theory that the act of 1909 is no longer a part of the charter powers, and, as we have held to the contrary in considering the second assignment, this assignment must also be overruled.

[3, 4] By the fourth assignment the issue is raised that the petition is defective in that it discloses that Mrs. Keller has been assessed for one-third of the cost of the paving, while the city does not pay one-third for the reason that by ordinance it has required the traction company to pave part of the street. In other words, the issue is sought to be raised that the property owners can only be assessed one-third after deducting the part paved by the traction company instead of one-third of the total. We consider the contention without merit under the statute; but, so far as this case is concerned, no such question is before us, for the reason that the petition does not contain any allegation to the effect that any such ordinance has been passed. Courts do not take judicial notice of city ordinances. The assignment is overruled.

[5] Complaint is made because the plaintiff was permitted, as provided by the statute and the certificate, to recover a certain sum as a reasonable attorney's fee for the prosecution of this suit. It is contended that it is violative of the due process of law clauses of the state and federal Constitutions. Plaintiff in error argues that, in so far as an assessment exceeds the amount of benefits, it is an unconstitutional taking of property without due process of law, and it seems to be assumed that to collect more than the face of the certificate is to collect more than the benefits amount to. No statement follows the assignment, and no facts are pointed out which differentiate this case from any other case in which attorney's fees have been sued for and recovered in paving

certificate cases. Therefore the only question presented is whether the statute which allows the recovery of a reasonable attorney's fee is unconstitutional. No authority is cited by plaintiff in error, and we believe that none can be found, which holds that such a statute is violative of the constitutional provisions relied upon. The authorities are to the contrary. Engebretsen v. Gay, 158 Cal. 30, 109 Pac. 880, 28 L. R. A. (N. S.) 1062 and note, Ann. Cas. 1912A, 690.

There seems to be a conflict of opinion on the question whether constitutional questions can be raised on appeal which were not raised by pleadings or otherwise upon the trial. Cooley's Constitutional Limitations (7th Ed.) p. 231 and note 2, also 232; Corpus Juris, vol. 12, § 217, p. 785 and notes. As plaintiff's cause of action is based upon the statute attacked, we have deemed it advisable to pass upon the questions; there being no decision of our Supreme Court, so far as we know, on the question whether such issues can be·raised for the first time on appeal.

The judgment is affirmed.