### SULLIVAN v. ROACH–MANIGAN PAVING CO. OF TEXAS. (No. 6351.)

(Court of Civil Appeals of Texas. San Antonio. March 10, 1920. Rehearing Denied April 7, 1920.)

1. Constitutional law ⊙⟿290(7) — Municipal corporations ⊙⟿526—Attorney's fees in enforcing paving certificates not contrary to due process.

A statute and ordinance authorizing recovery of attorney's fee in an action on a special assessment paving certificate does not violate the due process of law clause of the Constitution.

2. Municipal corporations ⊙⟿465—Payment by city for paving street intersections is part payment.

Under Rev. St. 1911, art. 1009, authorizing payment for street paving wholly by the city or partly by the city and partly by the abutting property owners, but providing that the owners cannot be assessed for more than three-fourths of the cost, the requirement that the cost be paid partly by the city, if mandatory, is satisfied by the payment for paving the street intersections only where the assessment against the street car company under article 1010 reduced the cost to the abutting owners below three-fourths of the total cost.

3. Municipal corporations ⊙⟿567(4)—Answer held not to raise issue as to basis for determining portion assessable against owners.

An answer alleging that the property owners were required to pay two-thirds of the entire cost of paving between street intersections, the street car company paying the other third, which was more than it was required to pay under its franchise, and the city paying only for paving the street intersections, with no showing of relative costs of the intersections, so that it could not be determined whether the portion assessed against the property owner exceeded three-fourths of paving company was not required to do, does not raise the issue whether the entire paving, or only that which the street car company was not required to pave, was the basis for determining the proportion assessable against the owners under Rev. St. 1911, art. 1009.

4. Municipal corporations ⊙⟿465—Entire cost of paving street occupied by car track is basis for apportioning owners' share of cost.

The three-fourths of the cost of paving a street which can be assessed against property owners under Rev. St. 1911, art. 1009, is three-fourths of the entire cost of the paving, though a street car company was compelled by its franchise to pave part of the street.

5. Constitutional law ⊙⟿65—Street improvement statute authorizing acceptance by city held not delegation of legislative powers.

Acts 1909 (1st Called Sess.) c. 14, one section of which provides for its acceptance by a city before it becomes effective therein, does not violate Const. art. 3, § 1, vesting the legislative power in the Legislature and article 1, § 28.

6. Municipal corporations ⊙⟿46 — Charter amendments held not to destroy powers under general statutes not copied into amendment.

A paving ordinance is not void under Acts 1913, c. 147 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1096a–1096i), because the city charter, which had been amended since the passage of that law, failed to embrace within it and to make a part thereof the powers sought to be exercised by the ordinance as required by section 6 of that act.

7. Municipal corporations ⊙⟿451—Apportionment of property owners' share by interested city officials does not invalidate assessment.

A street paving assessment is not invalid because the proportion to be assessed against the abutting owners was determined by city officials, who were interested in preserving the city funds in view of Rev. St. 1911, art. 1015, authorizing suit to set aside or create assessments, and the statutes and ordinances authorizing such apportionment do not violate due process of law contrary to Const. art. 1, § 19.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by the Roach-Manigan Paving Company of Texas against D. J. Sullivan. Judgment for plaintiff, and defendant appeals. Affirmed.

Bickett & Bickett, of San Antonio, for appellant.

W. S. Peyton and Robert G. Harris, both of San Antonio, for appellee.

---

⊙⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

MOURSUND, J. We adopt appellant's statement of the nature and result of the suit, with some slight changes:

This was a suit filed by appellee against appellant upon special assessment street paving certificates, wherein appellee recovered judgment.

The amended original petition for cause of action alleged substantially: That the city of San Antonio had by a majority vote of the taxpayers of said city adopted the provisions of the act of the Legislature of 1909 brought forward as chapter 11, tit. 22, of the Revised Civil Statutes; that the said city had passed appropriate ordinances for the exercise of the powers alleged to be conferred by the adoption of said law; and that pursuant to said law and to said ordinances the special assessment street paving certificates declared upon were issued by the said city to appellees, by reason whereof appellees became entitled to a recovery of the amount shown in said certificates with interest and attorney's fees, as therein provided, and for a foreclosure on the described property of the lien mentioned therein.

Appellant alleged that, under the franchise of the street car company and the existing ordinances and resolutions of the city of San Antonio, the street car company should be required to pave the part of the street required to be paved by it, and the cost of the remainder should be divided in equal portions of one-third each between the city and the two opposite abutting property owners; that the assessment and certificate declared upon did not conform to such plan of apportionment, and the city escaped without bearing any part of the cost of the paving between street intersections. Appellant further averred that the paving ordinances of the city under and by virtue of which the certificates in said suit were issued, and likewise the law (Acts 1909, c. 14, 1st C. S.) under which they were claimed to be passed, were all unconstitutional and void as being contrary to certain named provisions of the Constitution of Texas. Appellant further alleged that said ordinances and certificates were void under Acts of the Legislature 1913, c. 147 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1096a–1096i), in that the charter of said city, having been amended since the passage of said law, failed to embrace within it and to make a part thereof the powers sought to be exercised, as required by section 6 of said act (article 1096f). Appellant further answered that said ordinances and certificates were likewise void under said act of 1913 in that there was no compliance with the provisions of section 4 of said act (article 1096d), which required the charter, it having been amended since the passage of said act, to apportion the cost of the paving between the abutting property owners and the city in the manner suggested by said act or in some other manner as deemed advisable in such charter. Upon the foregoing grounds appellant prayed for judgment in his behalf.

The cause was tried in vacation by agreement before the court without a jury. Judgment was rendered in favor of appellees for the amount of the certificates with interest and attorney's fees, and for foreclosure of liens and for costs.

[1] The plaintiff sought recovery of attorney's fees as provided in the certificate. The defendant excepted to that part of the petition on the ground that attorney's fees were not a proper element of damages and did not constitute improvements contemplated by law. This exception was overruled. It is not contended that the demand for a reasonable attorney's fee is not supported by the ordinances and statute, but that the statute authorizing the recovery of such fees is violative of the due process of law clause of our Constitution. We have heretofore overruled this contention. Keller v. Western Paving Co., 218 S. W. 1077, not yet officially reported. Our further investigation of the question in the light of the many authorities cited convinces us of the correctness of such conclusion. Insurance Co. v. Chowning, 86 Tex. 654, 26 S. W. 982, 24 L. R. A. 504; Railway v. Ellis, 87 Tex. 19, 26 S. W. 985; Engebretsen v. Gay, 158 Cal. 30, 109 Pac. 880, 28 L. R. A. (N. S.) 1062, Ann. Cas. 1912A, 690; City of Beaumont v. Russell, 51 Tex. Civ. App. 351, 112 S. W. 950; Gallahar v. Whitley, 190 S. W. 757; Reid v. Clay, 134 Cal. 207, 66 Pac. 262. The first assignment is overruled.

The answer discloses that under the terms of the franchise granted the street railway company it was provided that, whenever the city should pave streets on which said company maintained its tracks, the company would pave the street between its rails and for 12 inches on each side at its own cost. It was further alleged that double tracks were maintained by said company upon the street upon which defendant's property abutted. The answer disclosed that the procedure ordinance provided for an assessment against the street railway company to the extent authorized by article 1010 (R. S. 1911), which is for one foot more outside of the rails on each side than was provided by the franchise agreement. The ordinance pleaded also disclosed that the property owners were assessed for one-third of the total cost of the improvement, aside from that incurred for paving the street intersections, which was to be paid by the city. It further provided that, if the street railway company should pay more than one-third, the excess should be credited to the property owners. Under this plan an owner could never be required to pay more than one-third of the total cost, less that of paving the street intersections, and it was furthermore provided that no certificate should be deemed invalid by reason

of being excessive unless the amount assessed under the provisions of the ordinance should exceed the maximum provided by the statute. The city was bound to pay the cost of paving all street intersections and one-third of the cost between streets, unless such one-third was satisfied or reduced by payments made by the street railway company.

Defendant further pleaded that the tracks of the street car company occupied "about one-third of the street in Avenue C." and that the city had taken credit for the amount assessed against the street railway company, instead of deducting it from the total cost and then dividing the remainder between the property owners and itself, and that this resulted in charging defendant with one-half of the cost of the paving in front of his property instead of one-third. It is evident from the averments as a whole that defendant does not intend to allege that he was assessed to the extent of one-half of the total cost of the improvement, but that he was assessed to the extent of one-half of that part of the cost of the improvement of the street between street intersections not assessed against the street car company.

The court sustained exceptions to this pleading, and the contention is made in appellant's brief that this constituted error.

The proposition urged is that, as the street railway company was obligated by its franchise to pave certain portions of the street, the city was not entitled to claim credit therefor upon its part of the paving cost and to require the property owner to pay the entire remainder.

The proposition urged by appellant is general, and is not explained by argument. It does not disclose whether appellant's theory is that he pleaded facts showing that the city paid no part of the cost of the improvement, and that this would invalidate the assessment, or whether his theory is that the cost of paving the part required by the franchise ordinance to be paved by the street railway company could not be considered a part of the cost of the improvement ordered to be made, and that therefore the sum representing the difference between the entire cost and the cost of that part described in said franchise contract should form the basis for estimating the one-third chargeable against appellant, and that he had pleaded facts showing his assessment to be in excess of that permitted by statute, if such basis be held applicable.

[2] The statute (article 1009, R. S. 1911) provides that the cost of making such improvements "may be wholly paid by the city, or partly by the city and partly by the owners of property abutting thereon." This is followed by specific grants of power to make assessments against street railway companies and owners. As the grant is limited, it follows that, when a street is improved upon which there is no street railroad, the city is bound to pay one-fourth of the cost at least, and that, if there are street railway tracks upon the street, the city must pay such part of the cost as will not be defrayed by the aggregate amount of the assessments against the street railway company and the owners. It is possible, however, that such aggregate amounts would equal or exceed the cost, and we find no statutory provision dealing specifically with such a contingency. The question therefore might arise whether the language of the statute, "may be wholly paid by the city or partly by the city and partly by the owners of property abutting thereon," was merely permissive or mandatory. The authors of Page & Jones on Taxation by Assessment in section 663 discuss statutes of this kind, and cite cases, but we are unable to determine from the cases whether any of the statutes involved were similar to ours. So far as this case is concerned, it is immaterial whether the language is permissive or mandatory, for the city by its ordinance took upon itself the obligation of paying for part of the improvement by providing that it should pay the entire cost of paving in street intersections, except such as was required to be paid by the street railway company. There can be no doubt that such cost is a part of the cost of the improvement ordered made, and that under the statute it could be included with the cost of paving between street intersections to arrive at the total cost to be considered in making assessments against property owners. Lewis v. Seattle, 28 Wash. 639, 69 Pac. 393; Brandhuber v. City of Pierre, 21 S. D. 447, 113 N. W. 569; State ex rel. Wheeler v. District Court, 80 Minn. 293, 83 N. W. 183. This method of apportionment has been adopted by cities of other states, as is shown by the statement in section 664 of the text-book above cited, as follows:

"The apportionment between the city and property owners may take the form of a provision requiring the city to pay certain parts of the improvement, such as the cost of street intersections and the like, and imposing the rest upon the property owners."

[3] The answer fails to disclose by figures or by any statement of the relative cost of the different items what portion of the total cost is represented by the cost of paving within street intersections. The street railway company maintains double tracks, and under the ordinance was required to pave two or four feet more than under the franchise contract. The answer fails to show just what this difference would be, and fails to show what part of the total cost is represented by the cost of paving the extra width required by the procedure ordinance to be paved by the street railway company. The assessment against the property owners must

.not exceed three-fourths of the entire cost. There is no specific allegation that it does, or that it exceeds the actual benefits to defendant's lots. The allegations made only show that the property owners were assessed for two-thirds of the paving between street intersections. Whether this plan would make them pay more than three-fourths of the difference between the total cost and the cost of such portions as is required to be paved by the street railway company under the franchise ordinance is not shown by any facts alleged in the answer. It cannot be ascertained without facts showing what part of the total cost is represented by the paving of the two or four feet and of the street intersections. This being the case, it is immaterial whether the entire cost of the improvement be taken as the basis or the difference between such sum and the cost of paving the street railway company was obligated to pave by the terms of the franchise ·contract.

[4] We see no reason, however, for concluding that the entire cost should not be accepted as the basis. This is authorized by the plain language of the statute, and there can be no doubt of the power of the city to contract for the pavement of the entire street, even though it could have required the company to pave part of it. McNeil v. City of South Pasadena and P. E. Ry. Co., 166 Cal. 153, 135 Pac. 32, 48 L. R. A. (N. S.) 138. The apportionment made in this case resulted to the advantage of the public and the property owners, as the company was required to pay for the portions described in the statute instead of a smaller area described in the franchise ordinance. The court did not err in sustaining exceptions to the portions of the answer relating to the franchise contract with the street railway company. Assignments 3 and 4 are overruled.

[5, 6] The contention that Acts 1909, c. 14, p. 402, violates article 3, § 1, and article 1, § 28, of the state Constitution, and the contentions disclosed in our statement, in this opinion, of the pleadings, based upon the fact that the charter was amended under the enabling act of 1913, have heretofore been considered by us in the cases of Frankenstein v. Rushmore & Gowdy, 217 S. W. 189, and Keller v. Western Paving Co., recently decided, and not yet [officially] reported. We overrule all of such contentions, and for our reasons refer to the opinions in said cases.

[7] Appellant has submitted an additional contention to those presented by the pleadings, and ruled on by the trial court. It is. that the statute and ordinances upon which the certificate is based are violative of due process of law, contrary to article 1, § 19, of the state Constitution. The proposition is as follows:

"An assessment against an abutting property owner for street paving is invalid if the tribunal that fixes the amount of such assessment is composed of the officers and agents of the municipal corporation which itself is an interested party by reason of its part of such paving being dependent upon the amount assessed against the property owner."

As the objection goes to the personnel of the tribunal, we need not copy the provisions of statutes and ordinances which were amply sufficient to insure appellant an opportunity to be heard and to present evidence, and even to have a trial in a court to set aside or correct the assessments. We do not understand appellant to contend that the statute is invalid on the ground that it delegates to the governing body the power to determine what portions of the cost shall be assessed against the city, the owners, and the street railway company. In fact, most of the statutes of other states contain similar provisions. If the act of the governing body in making the apportionment cannot be assailed, the next question is whether its act in arriving at the amount to be paid by each property owner and in passing on amounts of actual benefits is subject to attack on the ground that it is not an impartial tribunal. The fact that it has exercised its statutory right of apportioning the cost cannot affect the question whether it will be a fair and impartial body in passing upon the other questions. It is not contended that any member of the body had any private interest which would be affected by the acts of the board, but that such acts would affect the funds of the city, and that as officers of the city they would have an interest in preventing the expenditure of such funds. If this is a valid objection, it would apply, even if the statute provided expressly that the entire cost, not exceeding benefits, should be paid by the property owners; for the question whether amounts should be paid out of the funds of the city would be dependent on the finding of the governing body on the issue whether the actual benefits equaled the cost of the improvement.

We therefore conclude that the contention sought to be made is one which has been passed on in many cases and found to be without merit. See Page & Jones on Taxation by Assessment, § 670, for a discussion and authorities.

The question whether the determination of the issues by the governing body can be made final is not involved; for our statute (article 1015) authorizes a suit within 20 days to set aside or correct assessments. There is no contention by appellant that on account of want of notice he was deprived of the opportunities afforded him by statute of being heard and having a fair determination of the issues relating to the assessments.

The appellant has cited three cases; two of which relate to the exercise of the right of eminent domain, but, even if it were conceded that the same rules of law apply in such cases as in cases relating to the exercise of a branch of the taxing power, the legislation considered in such cases differed very materially from that involved in this case.

In the case of Rhine v. City of McKinney, 53 Tex. 354, the special board appointed to value property was condemned on the ground that it was not a regular tribunal to pass upon all similar questions, but merely a special board of appraisers without the power to even hear evidence. No appeal to a court was permitted.

In the case of Paris v. Tucker, 101 Tex. 99, 104 S. W. 1046, the mayor was made the presiding officer and legal adviser of the special tribunal to assess the value of property condemned, and the decision of such tribunal was made final. In the opinion of the Court of Civil Appeals (99 S. W. 1127) the award was held invalid because the appraisers were selected by a ministerial officer of the city, but the Supreme Court did not agree with such conclusion, and based its decision upon the other objection. The Court of Civil Appeals said:

"Had the right of appeal been given by the charter and ordinance to a court in which a trial could be had under the usual forms of law, this manner of the selection of the board of appraisers, it is believed, would not have been fatal to the proceedings."

The other case cited by appellant, Hutcheson v. Storrie, 92 Tex. 685, 51 S. W. 848, 45 L. R. A. 289, 71 Am. St. Rep. 884, does not sustain his contention. In that case the city council was authorized by charter to assess all or part of the improvement against the owner, and it proceeded to assess all of it against them. It was not contended that the conferring of such power of assessment violated the due process of law clauses, but that the failure to provide a hearing as to benefits rendered the proceedings void. It seems to have been taken for granted that, had the assessment not been authorized to be made regardless of benefits, there would have been no ground for complaint.

The seventeenth assignment is overruled.

In view of the fact that the answer fails to allege any defense to plaintiff's petition, and the court did not err in sustaining the general demurrer thereto, it becomes unnecessary to consider the effect of article 1015, which provides that, if no suit is brought within 20 days to set aside an assessment, the owner shall be barred from interposing a defense of invalidity of the proceedings or assessment.

The judgment is affirmed.