### R. L. STANFIELD V. THE STATE OF TEXAS.

#### No. 3310.

1.  **County Superintendent of Public Instruction.** — In the Act of April 6, 1889 (Laws 21st Leg., p. 58), is the following section: "That the County Commissioners Court of any county in this State shall have the power and authority, when in their judgment such court may deem it advisable, to abolish the office of county superintendent of public instruction in their county, by an order entered on the minutes of their court at a regular term thereof." This act is constitutional, and is not a delegation of legislative functions. The office could be abolished and thus the term of office ended.

2.  **Same.**—The office of superintendent of public instruction for the counties was created by Act approved April 2, 1887 (Laws 20th Leg., p. 26). The act provided, that "the County Commissioners Court of any county in this State may, when in their judgment it may be advisable, provide for the election at each general election of some person, * * * who shall hold his office for the term of two years." We are not able to see any material distinction in regard to their constitutionality between the act that authorized the County Commissioners Court to bring the office into existence and the one that authorizes it to abolish it.

3.  **Same.**—It was the Legislature, and not the County Commissioners Court, that made the law giving the court the power to abolish the office.

4.  **Disqualification of County Judge.** — The objection that the county judge was interested, and therefore disqualified to act, can not be treated as good. It was not a *case*, in the meaning of the Constitution, and there is nothing to indicate that his vote was necessary to the decision abolishing the office and thereby removing Stanfield from said office.

APPEAL from Bexar. Tried below before Hon. G. H. NOONAN. The opinion states the case.

*T. J. McMinn*, for appellant.—1. The office of county superintendent of public instruction having been "created" by the Act of April 2, 1887, and having been filled by the election of respondent thereto for a term of two years, it was not competent for the County Commissioners Court to suspend the operation of the statute "creating" the office, in its application to Bexar County.

2. No citizen of this State can be deprived of property privileges or immunities, or in any manner disfranchised, except by due course of the law of the land. Bastrop County v. Hearn, 70 Texas, 563; Flatan v. The State, 56 Texas, 93, 102, 103; The State v. Owens, 63 Texas, 261, 265, 266; Beard v. Decatur, 64 Texas, 7; Owens v. The State, 64 Texas, 500; Collins v. Tracy, 36 Texas, 546; Johnson v. Martin, 75 Texas, 38; Banton v. Wilson, 4 Texas, 400.

3. The County Commissioners Court, of which the county judge is an active member, is not competent to abolish the office of county superintendent of public instruction. "No judge shall sit in any case wherein he may be interested." Const., art. 5, sec. 11.

4. The Legislature can not delegate legislative power. Cool. Const. Lim., sec. 5; Bartow v. Hinrod, 8 N. Y., 483; Coop v. Collins, 3 Mich., 343; Vinsant v. Knox, 27 Ark., 267.

5. A County Commissioners Court can not exercise legislative functions. Cool. Const. Lim., 6 ed., secs. 143, 144; The State v. Field, 17 Mo., 529.

*Minor & Powell,* also for appellant.—1. The creation of an office not established by the Constitution is exclusively a legislative function; and offices when not created by the Constitution can be created only by legislative enactment. Johnson v. Martin, 75 Texas, 38; 5 Wait's Act. and Def., sec. 2; Mech. Pub. Offices, etc., sec. 1; Hyde v. The State, 52 Miss., 665.

2. The function of abolishing an office is of the same nature as that of creating an office, and equally a legislative function. Cool. Const. Lim., 6 ed., secs. 143, 144.

3. The Legislature can not delegate its legislative functions to any other body or authority. Const., art. 2, sec. 1; Willis v. Owen, 43 Texas, 41, 59; Cool. Const. Lim., 6 ed., sec. 137, and note; Locke on Civ. Gov., p. 142.

4. The Act of April 6, 1889 (Gen. Laws 1889, p. 58), providing for the abolition of the office of county superintendent of public instruction in any county by the County Commissioners Court of such county, whenever such court may deem it advisable, is an attempted delegation by the Legislature of a legislative function, and is therefore unconstitutional and void. Gen. Laws 1889, p. 58; Const , Bill of Rights, sec. 28; Const., art. 7, sec. 1, et seq.; Const., art. 11, sec. 10; Const., art. 16, sec. 20; Johnson v. Martin, 75 Texas, 38; San Antonio v. Jones, 28 Texas, 32; Werner v. Galveston, 72 Texas, 22; Gabel v. Houston, 29 Texas, 335; Willis v. Owen, 43 Texas, 41, 59; Wayman v. Southard, 10 Wheat., 1; People v. Hurlbut, 24 Mich., 44; Cool. Const. Lim., pp. 137, 138, 142, 144, 226, 227; Suth. Stat. Con., secs. 71, 67, 68, 70, 75; Broom's Maxims, 477, 478.

5. The act in question is unconstitutional and void, because the County Commissioners Court is incapable of receiving or exercising the legislative power or function of abolishing an office. Const., art. 11, sec. 1.

6. The act in question is unconstitutional and void, in that it violates the constitutional rule against the enactment of local or special laws. Const., art. 3, sec. 56; Orr v. Rhine, 45 Texas, 345; Beyman v. Black, 47 Texas, 558; Suth. Stat. Con., secs. 127, 128, 119.

*C. A. Culberson,* Attorney-General, for appellee.—1. If in this case this court should be of opinion that the Act of 1889 is void or of doubtful validity, the judgment should nevertheless be affirmed, because the

presumption is in favor of the correctness of the judgment, and that the court below proceeded upon allegations in the information other than those based upon the act aforesaid. In order to reverse the judgment, it is not enough that this court shall believe the Act of 1889 unconstitutional and void. It must also conclusively and irresistibly appear that there are no allegations in the information upon which the lower court could have acted other than those dependent upon and growing out of said act. Freem. on Judg., sec. 330; 1 Black. on Judg., secs. 80, 84.

2. The Act of 1889 is not a local law within the meaning of the Constitution, but by its express terms it operates generally throughout the State. Johnson v. Martin, 75 Texas, 38; Cool. Const. Lim., 5 ed., sec. 482; Suth. Stat. Con., sec. 121; Endlich Interp. Stats., sec. 502.

3. The office of county superintendent of public instruction having been created by statute, may be abolished or the duties thereof modified by the Legislature. The appointment or election to a public office does not create a contract. Black. Const. Pro., secs. 95, 96, 97; Suth. Stat. Con., sec. 473; Bish. on Con., enlarged ed., sec. 208; Cool. Const. Lim., 5 ed., sec, 334; Mech. Pub. Offices, secs. 388, 389.

4. The Act of 1889 is valid and constitutional. The Act of 1887 creates the office of county superintendent of public instruction, but leaves it optional with each county, through the Commissioners Court, whether the law shall become operative there. Under all the decisions this is a valid exercise of the legislative power. Laws 1887, p. 126; Johnson v. Martin, 75 Texas, 38; Cool. Const. Lim., 5 ed., secs. 140, 225; Suth. Stat. Con., secs. 71–75. There was, however, in the Act of 1887 no provision under which the Commissioners Courts of the several counties which had put the act in force could discontinue the office after a trial had established the inexpediency of continuing it. The sole purpose of the Act of 1889, it is believed, was to vest the said courts with this power, and it should be so construed. It is true, the words "abolish the office of county superintendent of public instruction" are used, but the remaining provisions, read in connection with the Act of 1887, show clearly that it was not the intention of the Legislature to authorize the Commissioners Courts to abolish the office in the sense of repealing the Act of 1887 which created it, but to vest in said courts authority to undo their previous action taken under said act. This construction not only appears reasonable, but should be adopted under the familiar rule that where an act of the Legislature is susceptible of two constructions, one rendering it constitutional and the other void, the former should be given it, because it is to be presumed the Legislature intended to operate through constitutional methods. Cool. Const. Lim., 5 ed., secs. 220, 221.

5. But if it be conceded that the law of 1889 confers upon the Commissioners Courts quasi legislative powers, it is valid notwithstanding,

because it is the regulation of such local affairs as should be left to local boards and tribunals. Johnson v. Martin, 75 Texas, 38; Cool. Const. Lim., 5 ed., sec. 228, et seq.; Suth. Stat. Con., sec. 68, p. 82.

HENRY, Associate Justice.—This was an information in the nature of a quo warranto to remove appellant from the office of county superintendent of public instruction of Bexar County.

It appears from the petition, that the appellant had been duly elected to the office for a term which has not yet expired, and that the only ground of complaint was that the County Commissioners Court of Bexar County had abolished the office in pursuance of an act of the Legislature of this State approved April 6, 1889, one section of which reads as follows: "That the County Commissioners Court of any county in this State shall have the power and authority, when in their judgment such court may deem it advisable, to abolish the office of county superintendent of public instruction in their county by an order entered on the minutes of their court at a regular term thereof. Whenever such office is abolished the county judge of such county shall, from the date of said order, perform the duties of such office; and the county superintendent shall immediately turn over to such county judge all the books, papers, records, and other school property in his possession."

It is contended that this law is unconstitutional, because the Legislature can not delegate its legislative functions to any other body or authority.

The office of county superintendent of public instruction was created by an Act of the Legislature approved April 2, 1887, reading: * * * "The office of county superintendent of public instruction is hereby created, and the County Commissioners Court of any county in this State may, when in their judgment it may be advisable, provide for the election at each general election of some person, * * * who shall hold his office for the term of two years," etc. The act provides, that such county superintendent of public instruction shall perform all the duties in regard to the public free schools of his county imposed by law upon the county judges of such counties as have no county superintendents of public instruction; and that he shall have and may exercise all powers and authority vested by law in such county judges in respect to matters appertaining to the public free schools; and that in addition thereto he shall take the scholastic census of his county.

It will be seen that the act for the creation of the office was made to depend in each county upon the action of its County Commissioners Court as to its taking effect there, and we are not able to see any material distinction in regard to their constitutionality between the act that authorized the County Commissioners Court to bring the office into existence and the one that authorizes it to abolish it.

It has been said by this court in a general way that laws can only be made by the votes of the representatives of the people in their legislative capacity. The State v. Swisher, 17 Texas, 448.

There seems to be a well recognized distinction in respect to the question under consideration between laws affecting only the municipal subdivisions of the State and such as affect the State at large; and whatever differences of opinion there may be about the application of the rule to the general laws that affect alike the whole State, it seems to be well established that the maxim that the legislative power is not to be delegated is not trenched upon when the legislation merely bestows upon the municipal organizations of the State certain powers of local regulation. Cool. Const. Lim., sec. 143; Werner v. City of Galveston, 72 Texas, 22.

Our Constitution and statutes each provide for the adoption of laws in particular localities according to and dependent upon the expressed will of the people to be affected, and such statutes have not in every instance been expressly directed by the Constitution. It would be tedious and would serve no useful purpose to undertake here to enumerate all instances of such legislation.

A city containing 1,000 inhabitants or over may by a vote of its council accept or reject the general incorporation law of this State for cities and towns. The inhabitants of a town or village may by vote accept or reject the incorporation act provided for them (Rev. Stats., chap. 11, title 17), and having once incorporated, such towns and villages may by their own vote abolish the corporation, including the offices. We can see no more in the two acts in question than a delegation of authority to the County Commissioners Courts to employ an agent when his services may be useful to the public, and to discharge him when they cease to be such.

The office not being founded in the Constitution, and its creation depending originally upon the will of the County Commissioners Court, no good reason why it may not be dispensed with in the same manner is apparent to us. It is not the case of depriving the lawful incumbent of an office that continues to exist and conferring it upon another. When the extended area of this State is considered, as well as the diversity of the pursuits of its inhabitants, and the great differences in population and resources of the different counties, it would be unfortunate if the Legislature did not have the power to enable the different counties to adopt or decline some of the agencies of government according to the exigencies of their situation. And such acts must be very clearly in contravention of the fundamental law before we shall feel ourselves warranted in so declaring them.

It was the Legislature, and not the County Commissioners Court, that made the law giving to the court the power to abolish the office. The court abolished the office in pursuance of a law of the Legislature,

but it can not be said that because it exercised that power under the law it made the law itself.

The objection that the county judge was interested, and therefore disqualified to act, can not be treated as good. It was not a "case" in the meaning of the Constitution, and there is nothing to indicate that his vote was necessary to the decision.

The acts in question are both general laws in the sense that each of them relate to the State at large, and the one last enacted is not subject to the objection urged against it that it is a local or special law.

We find no error in the proceedings, and the judgment is affirmed.

*Affirmed.*

Delivered February 12, 1892.