

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 14, 1948

Hon. R. Y. King
County Attorney
Donley County
Clarendon, Texas

Opinion No. V-545

Re: Abolishment of office of
County Superintendent in
Donley County.

Dear Sir:

We refer to your letter concerning the abolish-
ment of the office of County School Superintendent of
Donley County. You advise that about ten or twelve
years ago the scholastic population of Donley County was
2,896; that under Article 2688, V. C. S., as amended by
Acts 1932, 42nd Legislature, 3rd C. S., Chapter 21, then
in force, the County voted to create the office of Coun-
ty School Superintendent, and that since that time there
has been elected every four years a County Superinten-
dent. That at present the population of Donley County
is 1700, and the people are now anxious to abolish the
office of County School Superintendent. You desire to
know whether said office may now be abolished.

In Opinion No. 0-3839, wherein was submitted
the question whether the office of County Superintendent
in counties of more than 3,000 scholastic population may
be abolished, this Department advised that since under
the statute (Art. 2688, as amended by Acts 1932 above
referred to) the Legislature has failed to devise any
method by which either the people or the Commissioners'
Court may abolish that office, and there being no con-
stitutional delegation of such authority, it follows
that neither the qualified voters nor the Commission-
ers' Courts have the power to abolish or discontinue
that office once it has been legally established. See
legislative history of Article 2688, as amended, and
cases in support of this holding cited in attached Opin-
ion No. 0-3839.

Since, as reported, there were only 2,890
(less than 3,000) in Donley County when the County vot-
ed for the office of County Superintendent, said office
was created by an election held in accordance with that
part of Article 2688, as amended by Acts 1932, which

reads:

> ". . . In counties having less than
> three thousand (3,000) scholastic popula-
> tion whenever more than . . . twenty-five
> per cent (25%) of the qualified voters of
> said county as shown by the vote for Gov-
> ernor at the preceding General Election
> shall petition the Commissioners' Court
> thereof, said Court shall order an elec-
> tion for said county to determine wheth-
> er or not the office of County Superinten-
> dent shall be created in said County; and,
> if a majority of . . . voters . . . shall
> vote for the creation of the office of
> County Superintendent . . . the Commission-
> ers' Court . . . shall create the office of
> County Superintendent, and name a County
> Superintendent who shall qualify under this
> Chapter and hold such office until the next
> General Election . . ."

However, Article 2688, as amended by Acts 1932,
made no provisions whatsoever authorizing the abolishment
or discontinuance of the office of County Superintendent
which was created in a county of less than 3,000 by an
election held under that part of the Act quoted above.
Unless Article 2688, as amended by Acts 1945, 49th Leg-
islature, R. S., Chap. 208, provides for the abolish-
ment of said office, it would follow that neither the
qualified voters nor the Commissioners' Court would have
the necessary authority to exercise the power of abolish-
ment. Opinion No. 0-3839.

Article 2688, as amended by Acts 1945, 49th
Legislature, contains this additional provision which
does not appear in the statute as amended in 1932:

> ". . . In all counties now or here-
> after having the office of County Super-
> intendent where the scholastic population
> according to the last scholastic census
> is less than three thousand (3,000) but
> more than two thousand (2,000) the office
> of County Superintendent shall continue
> unless and until a majority of the quali-
> fied taxpaying voters of said county, vot-
> ing at an election held to determine wheth-
> er said office shall be abolished, shall

> vote to abolish said office, which
> election shall be ordered by the Com-
> missioners' Court upon petition there-
> for as hereinafter specified. . ."

Under this quoted provision, all counties hav-
ing the office of County Superintendent (whether said
office was created by virtue of the fact that the coun-
ty contained 3,000 or more scholastics and in accordance
with the provisions set out in the first sentence of Art-
icle 2688, as amended, or whether it, having less than
3,000 scholastics, was created by an election held un-
der that provision of Article 2688, above quoted) where
the scholastic population is less than 3,000 but more
than 2,000 has been granted the express power to abolish
by an election the office of County Superintendent.  Un-
til such office is abolished in the manner set out there-
in it shall continue to exist.  Prior to this amendment
in 1945, the office of County Superintendent existing by
virtue of a county having over 3,000 scholastics was ter-
minated in a county when the scholastic population of
such county fell below 3,000.  See Opinion O-1254 for
relevant discussion on this matter.

Donley County, however, does not fall within
this provision of Article 2688, as amended 1945, last
above quoted, because, as reported, its present scholas-
tic population is about 1700, less than 2,000.  Accord-
ingly, it is our opinion, and for the reasons set out in
Opinion O-3839, that there exists no present authority
in the qualified voters or the Commissioners' Court of
Donley County to abolish the office of County Superin-
tendent existing in said county.

The general rule, supported by the weight of
authority, is that where a county is empowered by the
Legislature to create an office, it may, if unrestrict-
ed, abolish it.  Ford v. Board of State Harbor Com'rs.
(Cal. Sup. 1889) 22 Pac. 278; Hartfield County (W. Va.
1919) 92 S.W. 245; Rivers v. Harley, (Ga. Sup. 1945) 33
S.W.(2d) 310; and annotation 4 A.L.R. 224.

In this case, however, the legislative history
of the Act calls for an exception to this rule.  The leg-
islative intent is of compelling importance inasmuch as
the office is a creature of the Legislature.  At one
time the counties were expressly authorized to abolish
the office in question.  Acts 1889, 21st Leg., R.S., H.B.
452, p. 58; Acts 1905, 29th Leg., R.S., S.B. 218, p. 273;

Stanfield v. State, 83 Tex. 317, 18 S.W. 577.  However, these Acts were amended and the power to abolish the office was omitted, and thus withdrawn.  We construe that action to mean that the Legislature intended that the county no longer has such power.

SUMMARY

Under the facts submitted, the office of County Superintendent existing as stated in Donley County may not be abolished or discontinued, there being no present statutory authorization for same.  Article 2688, as amended by Acts 1945, 49th Legislature, R.S., Chap. 208; Attorney General Opinion No. O-3839.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Chester T. Ollison*

Chester E. Ollison
Assistant

CEO:mw
Encls.

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL