

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

December 12, 1961

Honorable Justin A. Kever
District Attorney
Tom Green County
San Angelo, Texas

Opinion No. WW-1219

Re: Whether a Commissioners
Court is authorized
to discontinue the
Veterans Service
Office under Article
5798a-2, V.C.S., and
the facts stated.

Dear Mr. Kever:

You have requested an opinion of this office on the following two questions:

(1) "Is the Commissioners Court authorized under article 5798a-2 to discontinue the Veterans Service Office upon the expiration of the date of the term for which the incumbent is appointed when said Court has determined that such office is no longer a public necessity?"

(2) "Is the Commissioners Court authorized to discontinue the services of the Veterans Service Officer upon completion of his two year term when the office is determined to be no longer a public necessity?"

The opinion request further states that the Commissioners Court of Tom Green County with all members present on September 11, 1961, voted to discontinue the Veterans Service Office effective January 1, 1962, which is the expiration date of the two year term for which the present incumbent has been appointed.

Section 1 of Article 5798a-2, Vernon's Civil Statutes, to which you refer, gives the Commissioners Court the authority to effectuate a Veterans County Service Office. This statute reads in part as follows:

"Section 1. The office of Veterans County Service Office is hereby created. When the Commissioners Court of a county shall determine that such an office is a public necessity in order that those residents of a county who have

served in the armed forces may promptly,
properly and rightfully obtain the benefits
to which they are entitled, it shall by a
majority vote of the full membership thereof,
maintain and operate such an office and shall
appoint a Veterans County Service Officer
. . ." (Emphasis supplied)

From the above quoted statute, it can be
observed that this office was created by the Legislature.
However, the maintenance and operation of the office was
placed at the discretion of the Commissioners Court, upon
a determination by that body of a public necessity for the
operation of that office under the criteria set out. Conse-
quently, it is our opinion that although the office itself
could not be abolished or discontinued per se by the
Commissioners Court (it being a statutory office set up
by the Legislature), the court could, upon a determination
that a public necessity for such office no longer exists,
suspend the operation of the office by a majority vote
of the full membership of the court.

We do not believe that it was the intention of
the Legislature to do a useless thing in this instance
by giving the Commissioners Court the authority to use
their discretion in determining a public necessity for the
operation of this office, and then, on the other hand,
denying all means of the court to use its discretion to
suspend the operation when a public necessity was found
to have ceased to exist. A primary rule of construction
of statutes is to ascertain and give effect to the intent
of the legislative body. Morris v. Calvert, 320 S.W.2d
117 (Civ. App. 1959, err. ref., n.r.e.).

The Court in the case of Wood v. State, 133 Tex.
110, 126 S.W.2d 4 (1939) spelled out this point in the
following language:

"It is the settled law that statutes
should be construed so as to carry out the
legislative intent, and when such intent
is once ascertained, it should be given
effect, even though the literal meaning
of the words used therein is not followed.
. . ."

In arriving at legislative intent it is of primary
importance to ascertain the purpose for which the statute
was enacted. Harris County v. Tennessee Products Pipe Line
Co., 332 S.W.2d 777 (Civ. App. 1960). Since the obvious

purpose of this statute is to provide for the operation of this agency when a public necessity for such is found to exist, it seems entirely logical to us that when such public necessity is found to have become non-existent, it is within the power of the Commissioners Court to suspend the operation of that office. Looking to the subject matter and purpose here, we believe that our construction is in accord with the purposes for which this statute was passed, that it meets the criterion of reasonableness demanded in statutory interpretation. Southwest Sav. and Loan Ass'n of Houston v. Falkner, 331 S.W.2d 917 (1960).

In reference to your second question, we believe in accordance with the above, that the Commissioners Court is also authorized to discontinue the services of the Veterans Service Officer at the end of his term if the Court finds a public necessity for such office no longer exists. The officer here in question is subject to the general rule that in the absence of legal inhibition the governing body under which an officer holds may abolish the office, and in a statutory office, the Legislature may also authorize the Commissioners Court of any county to abolish an office insofar as that county is concerned, where the matter of filling such office in the first instance is left to the Court's discretion. Stanfield v. State, 83 Tex. 317, 18 S.W. 577 (1892). We think it a reasonable interpretation that since the filling of the Veterans County Service Office in the first place was left to the Commissioners Court, upon a discretionary finding of a public necessity, the Court is authorized to discontinue the services of the officer in its discretion. (See 34 Tex. Jur. 387, Public Officers, Sec. 38).

## S U M M A R Y

The Commissioners Court of Tom Green County is authorized to discontinue both the operation of the Veterans County Service Office and the services of the Veterans County Service Officer upon a determination by a majority vote of the full membership of the Court that a public necessity for such office under the criteria set out in Article 5798a-2, no longer exists.

Honorable Justin A. Kever, page 4 (WW-1219)

Very truly yours,

WILL WILSON
Attorney General of Texas

By  Eugene B. Smith
Assistant

EBS:dhs:kh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Pat Bailey
William Colburn
Howard Mays
Dudley McCalla