

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 8, 1962

Honorable H. F. Grindstaff
County Attorney
Fisher County
Roby, Texas

Opinion No. WW-1255

Re: Whether Fisher County
may hold a special
election in accordance
with Article 2688e,
Vernon's Civil Statutes,
to abolish the ex
officio county school
superintendent and
county school board in
the regular election
year of the county

Dear Sir:                                        Judge.

         In a recent letter you requested our opinion on
whether Fisher County could hold a special election in accor-
dance with Article 2688e, Vernon's Civil Statutes, to abolish
the ex officio county superintendent and county school board
in the regular election year of the county judge.

         The pertinent facts are that the office of county
school superintendent was abolished last year (December 30,
1961) under the provisions of Article 2688e, Vernon's Civil
Statutes. The present superintendent has this year remaining
in office (1962). This year is also the election year of
the county judge, and the question is, can there also be
a special election this year under the provisions of Article
2688e to abolish the ex officio county superintendent and
county school board.

         Section 1(a) of Article 2688e of Vernon's Civil
Statutes provides:

         "Section 1. (a) Upon a petition of
    twenty-five per cent (25%) of the qualified
    voters who cast a vote in the Governor's
    race at the preceding General Election in
    counties of less than one hundred thousand
    (100,000) population according to the last
    Federal Census; or upon a petition of twenty
    per cent (20%) of the qualified voters who

cast a vote in the Governor's race at the
preceding General Election in counties
of one hundred thousand (100,000) or more
population according to the last Federal
Census, the county judge shall within
ninety (90) days of the receipt of such
petition call an election to determine
by majority vote whether the office of
county superintendent (or ex officio
county superintendent and the county
school board in counties having an ex
officio county superintendent) shall
be abolished. . . ."

The limiting section of Article 2688e is Section
2 which provides:

"Sec.2   Provided that not more than
one such election may be called during any
term of office of the incumbent county
superintendent or ex officio county super-
intendent and that not during the year
that a regular election for the office is
being held."

In Attorney General's Opinion O-3839 (1942) it
was held:

"The courts have held that the power
to create the office of county school super-
intendent is purely a legislative power.
Stanfield v. State, 83 Tex. 317.  The same
authority, further holds that the power to
abolish or discontinue that office is also
a legislative power, and that in order for
the people or the commissioners' court to
exercise the power of abolishing or dis-
continuing that office, such action must
be pursuance of a law of the Legislature."

It would also seem mandatory that in abolishing
the ex officio county superintendent and county school board
there be statutory compliance.

It is our opinion that the provision in the latter
part of Section 2 of this act, "AND THAT NOT DURING THE YEAR
THAT A REGULAR ELECTION FOR THE OFFICE IS BEING HELD,"
(emphasis added) prevents a special election this year since

Honorable H. F. Grindstaff, page 3 (WW-1255)

this is the year of the regular election of the county judge.
True, at this time, the county judge is not the ex officio
county superintendent.  Section 1(b) of Article 2688e pro-
vides:

> "Where the majority of the qualified
> electors approve the abolition of the office
> of county superintendent the duties of such
> abolished office as may still be required
> by law shall vest in the county judge in ex
> officio capacity UPON EXPIRATION OF THE
> CURRENT TERM OF THAT OFFICE."  (Emphasis added)

But it is also true that at this time the candidates who
will seek the office of county judge will be offering them-
selves both for the county judge and ex officio county
superintendent.  This is to say that as matters now stand,
the regular election for the county judge will also determine
who is the ex officio county school superintendent.  As
such, it is the opinion of this office that this is the year
that a "regular election for the office is being held,"
and Section 2 prohibits a special election to abolish the
ex officio county school superintendent in the same year.

S U M M A R Y

> Section 2 of Article 2688e, Vernon's
> Civil Statutes, prohibits a special
> election to abolish the ex officio
> county school superintendent and
> school board in the same year of the
> regular election of county judge.

Very truly yours,

WILL WILSON
Attorney General of Texas

By   John H. Hofmann
Assistant

JHH:ca:mkh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Joe Osborn
Robt. T. Lewis
Grady Chandler
W. O. Shultz

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.