

# THE ATTORNEY GENERAL
## OF TEXAS

February 18, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable James W. Carr
Lavaca County Attorney
P. O. Box 579
2nd Floor, Courthouse
Halletsville, Texas   77964

Honorable William H. Cantrell
Parker County Attorney
Parker County Courthouse
Weatherford, Texas   76086

Opinion No. JM-859

Re:   Whether hospital dis-
trict taxes may be "rolled
back" by election called
pursuant to petition by
taxpayers (RQ-1281)

Gentlemen:

Section 26.07 of the Tax Code provides that, if the
governing body of a taxing unit other than a school
district adopts an ad valorem tax rate that exceeds the
so-called "effective tax rate" calculated pursuant to
section 26.04 of the Tax Code by more than eight percent,
the qualified voters of the taxing unit by petition may
require that an election be held to determine whether or
not to reduce the tax rate adopted for the current year to
a rate that exceeds the "effective rate," in effect, by
only eight percent. See Attorney General Opinion JM-574
(1986). You ask whether section 26.07 of the Tax Code is
unconstitutional insofar as it applies to hospital
districts. We conclude that it is constitutional.

We note at the outset that, in passing upon the
constitutionality of any statute, we begin with a
presumption of validity. Smith v. Davis, 426 S.W.2d 827
(Tex. 1968); Texas National Guard Amory Board v. McCraw,
126 S.W.2d 627 (Tex. 1939); Koy v. Schneider, 218 S.W.
479, (Tex. 1918).

> There is a strong presumption that a
> Legislature understands and correctly
> appreciates the needs of its own people,
> that its laws are directed to problems made
> manifest by experience, and that its
> discriminations are based upon adequate
> grounds.

Texas National Guard Armory Board v. McCraw, supra at 634 (quoting Middleton v. Texas Power & Light Co., 249 U.S. 152 (1919)).

The relevant provisions of section 26.07 of the Tax Code state the following:

> (a) If the governing body of a taxing unit other than a school district adopts a tax rate that exceeds the rollback tax rate calculated as provided by Section 26.04 of this code, the qualified voters of the taxing unit by petition may require that an election be held to determine whether or not to reduce the tax rate adopted for the current year to the rollback tax rate calculated as provided by Section 26.04 of this code.

> . . . .

> (e) If a majority of the qualified voters voting on the question in the election favor the proposition, the tax rate for the taxing unit for the current year is the rollback tax rate calculated as provided by Section 26.04 of this code; otherwise, the tax rate for the current year is the one adopted by the governing body.

> . . . .

> Text of subsec. (h), as amended by Acts 1987, 70th Leg., ch. 457, §13, effective until June 1, 1989

> (h) Notwithstanding Subsection (a) of this section, if the amount of 1987 or 1988 property taxes that the governing body of a taxing unit other than a school district determines is required to provide health care services that the governing body is required to provide to its residents under the Indigent Health Care and Treatment Act (Article 4438f, Vernon's Texas Civil Statutes) exceeds the amount of the unit's property taxes for the preceding year imposed to provide those required services, the adopted tax rate that allows voters to seek to reduce the tax rate under this

section must exceed the rate calculated under Section 26.04 of this code by eight percent plus the rate that, applied to the total taxable value submitted to the governing body, would impose taxes in an amount equal to the amount of property taxes to be imposed for the current year that the governing body determines is required to provide services required by the Indigent Health Care and Treatment Act less the amount of the unit's property taxes for the preceding year imposed to provide those required services. For purpose of this section, the amount of taxes determined to be required to provide the required health care services or imposed for the preceding year to provide those services does not include taxes for which the governing body receives or expects to receive state reimbursement pursuant to Subtitle D of Title 2 of the Indigent Health Care and Treatment Act.

. . . .

It is suggested, first, that section 26.07 circumscribes authority conferred on hospital districts by article IX, section 9, of the Texas Constitution. We disagree.

The relevant provisions of article IX, section 9, set forth the following:

The Legislature may by law provide for the creation, establishment, maintenance and operation of hospital districts composed of one or more counties or all or any part of one or more counties with power to issue bonds for the purchase, construction, acquisition, repair or renovation of buildings and improvements and equipping same, for hospital purposes; . . . providing for the levy of annual taxes at a rate not to exceed seventy-five cents (75¢) on the One Hundred Dollar valuation of all taxable property within such district for the purpose of meeting the requirements of the district's bonds, the indebtedness assumed by it and its maintenance and operating expenses, providing that such district shall

> not be created or such tax authorized unless
> approved by a majority of the qualified
> property taxpaying electors thereof voting
> at an election called for the purpose. . . .
> (Emphasis added.)

. . . .

In Attorney General Opinion JM-792 (1987), we were
asked whether section 26.07 of the Tax Code circumscribed
authority conferred on county commissioners by sections
1-a and 9 of article VIII of the Texas Constitution and,
accordingly, was unconstitutional insofar as it applied to
counties. Article VIII, section 1-a, of the Texas
Constitution contains the following relevant language:

> From and after January 1, 1951, the several
> counties of the state are authorized to levy
> ad valorem taxes upon all property within
> their respective boundaries for county
> purposes . . . not to exceed thirty cents
> (30¢) on each One Hundred Dollars ($100)
> valuation, in addition to all other ad
> valorem taxes authorized by the Constitution
> of this State, provided the revenue derived
> therefrom shall be used for construction and
> maintenance of Farm to Market Roads or for
> Flood Control, except as herein otherwise
> provided. (Emphasis added.)

Article VIII, section 9, of the Texas Constitution sets
forth the following relevant provisions:

> [N]o county, city or town shall levy a tax
> rate in excess of Eighty Cents (80¢) on the
> One Hundred Dollars ($100) valuation in any
> one (1) year for general fund, permanent
> improvement fund, road and bridge fund and
> jury fund purposes; provided further that at
> the time the Commissioners Court meets to
> levy the annual tax rate for each county it
> shall levy whatever tax rate may be needed
> for the four (4) constitutional purposes;
> namely, general fund, permanent improvement
> fund, road and bridge fund and jury fund so
> long as the court does not impair any out-
> standing bonds or other obligations and so
> long as the total of the foregoing tax
> levies does not exceed Eighty Cents (80¢)

one the One Hundred Dollars ($100) valuation
in any one (1) year.  (Emphasis added.)

We concluded that the  specific language of  sections
1-a and  9  of  Article VIII  of  the  Texas  Constitution
confers explicit authority on commissioners courts, rather
than on the voters, to set  tax rates and levy ad  valorem
taxes upon property in the counties.  Because the legisla-
ture by statute cannot remove governmental power conferred
by the constitution, see generally, Anderson v. Wood,  152
S.W.2d 1084 (Tex.  1941); Dodson v.  Marshall, 118  S.W.2d
621 (Tex. Civ. App.  -  Waco 1938, writ dism'd) and  cannot
enact any law contrary to a provision of the constitution,
City of  Fort  Worth v.  Howerton,  236 S.W.2d  615  (Tex.
1951), we concluded that section 26.07 of the Tax Code  is
unconstitutional insofar as it applies to counties.

In Attorney General  Opinion JM-835  (1987), we  were
asked  whether  section  26.08 of  the  Tax  Code,  which
authorizes a  tax  rate rollback  election  under  certain
circumstances for  school  district  taxes,  circumscribes
authority conferred on school district trustees by article
VII, sections 3 and 3-b, of the Texas Constitution, and is
therefore unconstitutional.  Section 3 of article VII does
not directly authorize school  districts to set tax  rates
and  levy  property  taxes.  Instead,  the  provision
authorizes "the  Legislature . . . to  pass laws  for  the
assessment  and  collection  of  taxes  in  all  said
districts. . . ."  See,  e.g., Brown  v.  Truscott
Independent School District,  34 S.W.2d  837 (Tex.  Comm'n
App. 1931, judgm't adopted); Desdemona Independent  School
District v. Howard, 34 S.W.2d  840 (Tex. Comm'n App.  1931
judgm't adotped).  A school district's taxing authority is
subject to the legislature's power to enact laws  setting
tax rates and providing for the assessment and  collection
of taxes.  Section 26.08  of the Tax Code  is such a  law.
We concluded that section 26.08 does not circumscribe  any
authority  conferred  by  article  VII,  section  3,  and,
therefore, does not violate it.

Article IX,  section 9,  of the  Texas Constitution,
like article VII, section 3, confers authority, not on the
governing bodies of hospital districts, but rather on  the
legislature.  It is empowered to create hospital districts
and to "provid[e] for the levy  of annual taxes at a  rate
of not  to  exceed seventy-five  cents  (75¢) on  the  One
Hundred Dollar valuation  of all  taxable property  within
such district for the purpose of meeting the  requirements
of the district's  bonds, the indebtedness  assumed by  it
and its maintenance and operating expenses. . . ." Article

IX, section 9, does not confer any authority on the governing bodies of hospital districts. The phrase beginning "provid[e] for the levy of annual taxes. . ." serves merely to set a ceiling or limitation on the tax rate that the legislature is authorized to permit hospital districts to adopt and confers on the legislature the same broad authority regarding taxation conferred on the legislature by article 7, section 3. See section 2 of art. 4494n, V.T.C.S. Accordingly, we conclude that section 26.07, insofar as it applies to hospital districts created pursuant to article IX, section 9, of the Texas Constitution, does not circumscribe any authority conferred on the governing body of a hospital district by article IX, section 9.

It is also urged that section 26.08 of the Tax Code violates article III, section 1, of the Texas Constitution, by effecting an improper delegation of legislative authority, and article I, section 28, of the Texas Constitution, by effecting a suspension of the laws. Specifically, it is urged that section 26.07 improperly delegates to the voters the authority to set tax rates and improperly suspends section 26.05 of the Tax Code, which authorizes the governing body of a taxing unit to adopt a tax rate. In Attorney General Opinion JM-835 (1987), we concluded that section 26.08 of the Tax Code, which governs tax rate rollback elections for school taxes, does not contravene either of these constitutional provisions. We so conclude regarding section 26.07 of the Tax Code. It is to these constitutional provisions that we now turn.

Article III, section 1, of the Texas Constitution provides: "The Legislative power of this state shall be vested in a Senate and House of Representatives, which together shall be styled 'The Legislature of the State of Texas.'" Article I, section 28, of the Texas Constitution provides the following: "No power of suspending laws in this State shall be exercised except by the Legislature."

It is a maxim of constitutional law that the power conferred upon the legislature to make the laws cannot be delegated by that department to any other body or authority. Texas National Guard Armory Board v. McCraw, 126 S.W.2d 627 (Tex. 1939); Brown v. Humble Oil & Refining Co., 83 S.W.2d 935 (Tex. 1935), rehearing denied, 87 S.W.2d 1069 (Tex. 1935). The principle of non-delegation has certain important qualifications. See generally Annot., "Permissible limits of delegation of legislative power," 79 L. Ed. 474 (1934). For example, the legislature may delegate to municipalities local

legislative power that is adequate to carry out the purposes for which they were created. See, e.g., Stanfield v. State, 18 S.W. 577 (Tex. 1892). The United States Supreme Court declared almost a century ago:

> It is a cardinal principle of our system of government, that local affairs shall be managed by local authorities, and general affairs by the central authority, and hence, while the rule is also fundamental that the power to make laws cannot be delegated, the creation of municipalities exercising local self-government has never been held to trench upon that rule. Such legislation is not regarded as a transfer of general legislative power, but rather as the grant of the authority to prescribe local regulations, according to immemorial practice, subject of course to the interposition of the superior in cases of necessity.

Stoutenburgh v. Hennick, 129 U.S. 141, 147 (1889).

Article III, section 1, of the Texas Constitution requires that a law must be so complete in all of its terms and provisions when it leaves the legislative branch that nothing is left to the judgment of the recipient of the delegated power. See, e.g., Commissioners Court of Lubbock County v. Martin, 471 S.W.2d 100 (Tex. Civ. App. - Amarillo 1971, writ ref'd n.r.e.). The rights, duties, privileges, or obligations granted or imposed must be definitely fixed and determined, or the rules by which they are to be fixed and determined must be clearly and definitely established, when the act is passed. Id. The law must be final and decisive in all of its parts; any discretion that is given must relate only to its execution. In re Johnson, 554 S.W.2d 775 (Tex. Civ. App. - Corpus Christi 1977), writ ref'd n.r.e., 569 S.W.2d 882 (Tex. 1978); McCombs v. Dallas County, 136 S.W.2d 975 (Tex. Civ. App. - Dallas 1940), writ ref'd, 140 S.W.2d 1109 (Tex. 1940). The test that courts invoke under article III, section 1, is whether the legislature has prescribed sufficient standards to guide the discretion conferred. Commissioners Court of Lubbock County v. Martin, supra; Moody v. City of University Park, 278 S.W.2d 912 (Tex. Civ. App. - Dallas 1955, writ ref'd n.r.e.). Section 26.08 of the Tax Code clearly sets forth sufficient standards both with regard to the calling of an election and with regard to the consequences if an

election is successful; whatever discretion is set forth in the section relates only to its execution.

Early on, the Texas Supreme Court recognized the distinction between a delegation of power to make a law and the discretionary exercise of a power conferred by a law. In City of San Antonio v. Jones, 28 Tex. 19 (1866), the Texas Supreme Court declared:

> The legislature may grant authority as well as give commands, and acts done under its authority are as valid as if done in obedience to its commands. Nor is a statute, whose complete execution and application to the subject matter is, by its provisions, made to depend on the assent of some other body, a delegation of legislative power. The discretion goes to the exercise of the power conferred by the law, but not to make the law itself.
>
> The law, in such cases, may depend for its practical efficiency on the act of some other body or individual; still, it is not derived from such act, but from the legislative authority. Legislation of this character is of familiar use, and occurs whenever rights or privileges are conferred upon individuals or bodies, which may be exercised or not in their discretion. And if it may be left to the judgment of individuals or private corporations whether they will avail themselves of privileges conferred by the legislature, there is certainly no valid reason why the same may not be done with citizens of a town or district, who, as a class, are to be affected by the proposed act. (Emphasis added.)

28 Tex. at 32-33.

While the results of early Texas cases are inconsistent, see, e.g., State v. Swisher, 17 Tex. 441 (1856) and Stanfield v. State, 18 S.W. 577 (Tex. 1892), at least since 1920, Texas courts have upheld delegations of authority to voters or some other body in instances in which a statute whose complete execution and application to the subject matter was made to depend on the assent of those voters or some other body, when such matters

concerned local administration and control.  See  Trimmier v. Carlton, 296 S.W. 1070  (Tex. 1927); Spears v. City of San Antonio, 223 S.W. 166 (Tex. 1920);  Ray, Delegation of Power in Texas to Agencies Other than State Administrative Bodies, 16 Tex.  L. Rev. 494  (1937).  Courts have  upheld numerous statutes granting political subdivisions power to be exercised only upon a  favorable vote of the  governing body or the people.

A  statute  leaving  it discretionary  with  the commissioners  court  to  order  the  election  of public weighers was  upheld in  Johnson v.  Martin, 12  S.W.  321 (Tex. 1889), while Stanfield v.  State, 18 S.W. 577  (Tex. 1892) approved a  statute authorizing  counties to  create and abolish the office of county superintendent of  public instruction.  A statute authorizing  cities, on a vote  of the people, to  improve streets and  assess costs  against abutting  property  did  not  unconstitutionally  delegate legislative power.  Spears v. City of San Antonio,  supra; see also Reynolds v. Dallas  County, 203 S.W.2d 320  (Tex. Civ. App.  -  Amarillo 1947, writ  denied, 207 S.W.2d  362) (statute  upheld  authorizing  counties  to  use  voting machines on  local  option  basis); Sullivan  v.  Roach  - Manigan Paving Co. of Texas, 220 S.W. 444 (Tex. Civ.  App. - San  Antonio 1920,  writ  dism'd) (street  improvement statute authorizing acceptance by a city does not  violate article III, section 1, or article I, section 28 of  Texas Constitution).

It cannot be gainsaid  that the legislature  properly may delegate to the governing body of a hospital  district the authority  to adopt  a tax  rate.  See  Moore v.  Edna Hospital District, 449 S.W.2d 508 (Tex.  Civ. App.  - Corpus Christi 1969, writ  ref'd n.r.e.).  We  see no reason  why the legislature  could not  also  delegate to voters  the authority to  compel  the  governing  bodies  of  hospital districts to reduce  adopted tax rates  upon a  successful rollback election.  Accordingly, we conclude that  section 26.07 of the Tax Code effects no impermissible  delegation of legislative  authority  in violation  of  article  III, section 1, of the Texas Constitution.

Article I,  section 28,  of the  Texas  Constitution, which prohibits the suspension of  laws unless it is  done by the legislature, frequently  is invoked when  analyzing delegations of  this sort.  See, e.g., Attorney  General Opinions JM-483 (1986), H-1080 (1977); Ray, Delegation  of Power in Texas,  16 Tex. L.  Rev. 484.  It  is urged  that section 26.07 of the Tax Code in effect authorizes  voters

to suspend section 26.05 of the Tax Code, which authorizes the governing bodies of taxing units to adopt tax rates.

This issue was addressed, in Attorney General Opinion JM-835 (1987), wherein we upheld as constitutional section 26.08 of the Tax Code. The relevant language of subsection (e) of section 26.08 provides:

> If a majority of the qualified voters voting on the question in the election favor the proposition, <u>the governing body may not adopt a tax rate</u> in the following year <u>that exceeds the rollback tax rate</u> calculated as provided by Section 26.04, except that in calculating the rollback tax rate the assessor shall use the following formula: ROLLBACK TAX RATE + [(EFFECTIVE MAINTENANCE AND OPERATIONS RATE FOR ELECTION YEAR x 1.08 + CURRENT DEBT RATE. . . . (Emphasis added.)

We noted that section 26.08 does not effect any suspension of a board of trustees' authority to adopt a tax rate; it merely places a one-year ceiling or limitation on the tax rate that a board of trustees may adopt. The power to adopt a tax rate is still reposed with the board of trustees, even in the event of a successful rollback election. But section 26.07 of the Tax Code, which governs taxing units other than school districts, does not operate in the same fashion that section 26.08 does. The relevant language of subsection (e) of section 26.07 of the Tax Code provides:

> If a majority of the qualified voters voting on the question in the election favor the proposition, <u>the tax rate for the taxing unit for the current year is the rollback tax rate calculated as provided by Section 26.04 of this code; otherwise, the tax rate for the current year is the one adopted by the governing body</u>. (Emphasis added.)

Unlike subsection (e) of section 26.08, subsection (e) of section 26.07 of the Tax Code does <u>not</u> continue to repose in the governing body of taxing units the authority to set the tax rate for the year in which the successful tax rate rollback election is held. It is urged that, because subsection (e) of section 26.07 has the effect of suspending section 26.05, it violates article I, section 28, of the Texas Constitution. We disagree.

Section 26.07 of the Tax Code does not act on or affect section 26.05 in the same manner in which statutes enacted by the legislature, ordinances enacted by a municipality, or injunctions issued by a court have acted on statutes and have been held to violate article I, section 28. See, e.g., State v. Allstate Insurance Co., 654 S.W.2d 45 (Tex. App. - Austin 1983, writ ref'd n.r.e.) (only legislature has power to suspend the laws, but to do so it must effect a general suspension; i.e., it may not suspend a statute for an individual case); Brown Cracker & Candy Co. v. City of Dallas, 137 S.W. 342 (Tex. 1911) (Dallas city ordinance permitting prostitution in certain designated areas was in violation of penal act of the legislature forbidding prostitution; ordinance thereby violated article I, section 28); State v. Ferguson, 125 S.W.2d 272 (Tex. 1939) (courts may not suspend any valid statute, nor supervise and direct the manner and method of its enforcement by appropriate officers of the executive department). In a typical article I, section 28, case, a statute is made inoperative in all possible future applications in a given area by means of an ordinance or court injunction. See, e.g., Brown Cracker & Candy Co. v. City of Dallas, supra; Attorney General Opinions JM-483 (1986), H-1080 (1977). Section 26.07 of the Tax Code does not make inoperative section 26.05; in every year, the governing body of a taxing unit adopts a tax rate pursuant to section 26.05. Only if the rate adopted exceeds the effective rate by eight percent or more, only if the requisite number of voters validly signs a petition to call an election, and only if a majority of voters voting at the election passes the proposition, will the tax rate for that year by law be set at, in effect, only eight percent over the effective rate. The following year the governing body of the affected taxing unit will again adopt a tax rate pursuant to section 26.05. At no point is section 26.05 "suspended;" rather, it confers upon the governing bodies of taxing units authority that may be limited contingently, upon the happening of certain events.

Accordingly, we conclude that section 26.07 of the Tax Code does not act to suspend section 26.05 of the Tax Code in violation of article I, section 28, of the Texas Constitution.

### S U M M A R Y

Section 26.07 of the Tax Code, which authorizes ad valorem tax rate rollback elections for taxing units other than school

districts, is constitutional  insofar as  it
applies to hospital districts.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General